# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| SEAN TOLMASOFF, on behalf of himself and all others similarly situated, | ) ) ) | Case No.: |
| | ) | **CLASS ACTION COMPLAINT** |
| Plaintiff, | ) ) | |
| v. | ) ) | **DEMAND FOR JURY TRIAL** |
| General Motors, LLC, | ) ) | |
| Defendant. | ) ) | |

Plaintiff Sean Tolmasoff brings this action against Defendant General Motors, LLC ("Defendant" or "GM"), by and through his attorneys, individually and on behalf of all others similarly situated, and alleges as follows:

## I.  INTRODUCTION

1.     This is a class action lawsuit brought by Plaintiff on behalf of himself and a class of current and former owners and lessees of 2016 Chevrolet Traverses, 2016 Buick Enclaves, and 2016 GMC Acadias (collectively, the "Class Vehicles") that were marketed and sold with false fuel-economy ratings.[1]

2.     This action arises from the pervasive false advertisements disseminated by Defendant that overstate expected gas mileage of the Class Vehicles.

3.     Prior to May 13, 2016, Defendant advertised that the Class Vehicles were EPA-rated at 17 miles per gallon ("mpg") in city driving and 24 mpg on the highway, resulting in a combined rating of 19 mpg.

4.     These ratings, however, were false.  As detailed in a memorandum circulated by GM to its authorized dealerships, the Class Vehicles are actually EPA-rated at 15 mpg in city driving and 22 mpg on the highway, resulting in a combined rating of 17 mpg.

_____

[1] Plaintiff reserves the right to amend or add to the vehicle models included in the definition of Class Vehicles after conducting discovery.

5.     Not only did Defendant actively conceal the fact that the fuel-economy ratings on the Class Vehicles were false, it did not reveal that the existence of the defect would diminish the intrinsic and resale value of the Class Vehicles.

6.     GM knew or should have known that the Class Vehicles were being advertised and sold with false and misleading fuel-economy ratings.  Yet, notwithstanding its knowledge, GM has failed to compensate owners and lessees who purchased the Class Vehicles on or before May 13, 2016.

7.     As a result of Defendant's unfair, deceptive and/or fraudulent business practices, owners and/or lessees of the Class Vehicles, including Plaintiff, have suffered an ascertainable loss of money and/or property and/or loss in value.  The unfair and deceptive trade practices committed by Defendant were conducted in a manner giving rise to substantial aggravating circumstances.

8.     Had Plaintiff and other Class members known the true fuel-economy ratings of the Class Vehicles at the time of purchase or lease, they would not have bought or leased the Class Vehicles, or would have paid substantially less for them.

9.     As a result of the lower gas mileage ratings and the monetary costs associated therewith, Plaintiff and the Class members have suffered injury in fact, incurred damages, and have otherwise been harmed by GM's conduct.

10.    Accordingly, Plaintiff brings this action to redress GM's violations of

the Michigan Consumer Protection Statute, Florida Deceptive and Unfair Trade

Practices Act, and also seeks recovery for GM's common law fraud, negligent

misrepresentation, and unjust enrichment.

## II. JURISDICTION AND VENUE

11.    This Court has diversity jurisdiction over this action under 28 U.S.C.

§ 1332(a) and (d) because the amount in controversy for the Class exceeds

$5,000,000 and Plaintiff and other putative class members are citizens of a

different state than Defendant.

12.    This Court has personal jurisdiction over Plaintiff because Plaintiff

resides in Ocoee, Florida, and submits to the Court's jurisdiction.  This Court has

personal jurisdiction over Defendant General Motors, LLC, because it conducted

and continues to conduct substantial business in the District; its corporate

headquarters are located in the District; and because it has committed the acts and

omissions complained of herein in the District, including the marketing and leasing

of the Class Vehicles in this District.

13.    Venue as to Defendant is proper in this judicial district under 28

U.S.C § 1391 because Defendant sells a substantial number of automobiles in this

District, has dealerships in this District, maintains its corporate headquarters within

this District, and many of Defendant's acts complained of herein occurred within

this District, including the marketing and leasing of the Class Vehicles to Plaintiff and members of the putative Class in this district.

## III.   PARTIES

### A.   Plaintiff

14.     Plaintiff Sean Tolmasoff is a resident and citizen of Ocoee, Florida. Plaintiff entered into a contract for, and took delivery of, a 2016 Chevrolet Traverse on April 23, 2016, from David Maus Chevrolet in Sanford, Florida. Plaintiff viewed and relied upon GM's advertisements regarding the fuel-economy rating of the 2016 Chevrolet Traverse, including the fuel economy data set forth in the new vehicle Monroney sticker, when deciding whether to purchase the Traverse or another vehicle.  Had GM disclosed the accurate fuel-economy rating of the 2016 Chevrolet Traverse, Plaintiff would not have purchased the Traverse or would have paid substantially less for it.

### B.   Defendant

15.     Defendant GM is a limited liability company organized under Delaware law with its principal office located at 300 Renaissance Center, Detroit, Michigan 48265. Defendant designs, tests, manufactures, distributes, warrants, sells, and leases various vehicles under several prominent brand names, including but not limited to Chevrolet, Buick, GMC, GM, and Pontiac in this district and throughout the United States

## IV.   <u>FACTUAL ALLEGATIONS</u>

16.     Under regulations issued by the United States Environmental
Protection Agency, every new car and truck or SUV up to 10,000 pounds sold in
the United States must have a fuel economy label or window sticker that contains
the vehicle's miles-per-gallon ("MPG") estimates, and the EPA provides the data
used on these labels. The fuel economy ratings have been given to consumers since
the 1970s and are posted for the customers' benefit to help them make valid
comparisons between vehicles' MPGs when shopping for a new vehicle.

17.     While the EPA conducts its own tests, it is only able to physically test
and audit approximately 15% of the models on the market.  As a result, the EPA
relies on automobile manufacturers to conduct their own tests – according to the
EPA's guidelines – and self-report the results of those tests to the EPA.

18.     Automobile manufacturers are required by law to prominently affix a
label called a "Monroney sticker" to each new vehicle sold.  The Monroney sticker
must set forth, at a minimum, the vehicle's fuel economy, estimated annual fuel
costs, the fuel economy range of similar vehicles, and a statement that a booklet is
available at the dealership to assist in comparing the fuel economy of vehicles from
all manufacturers for that model year, along with pricing and other information.

19.     Prior to May 13, 2016, GM advertised the Class Vehicles' fuel-economy was EPA-rated at 17 mpg in city driving and 24 mpg on the highway, resulting in a combined rating of 19 mpg.

20.     GM has admitted that this fuel economy data, set forth on the Monroney sticker of each of the Class Vehicles, was demonstrably false.

21.     On or about May 13, 2016, Defendant instructed its dealerships to stop selling the Class Vehicles while it scrambled to print corrected Monroney stickers that accurately state the Class Vehicles' fuel-economy ratings: 15 mpg in city driving and 22 mpg on the highway, resulting in a combined rating of 17 mpg.[2]  For those customers who have already purchased a mislabeled Class Vehicle, GM has publicly stated that it will send them notification and corrected Monroney stickers.[3]

22.     As of April 2016, GM had sold approximately 39,105 Chevrolet Traverse, 17,457 Buick Enclave, and 25,575 GMC Acadia model year 2016 vehicles with false and overstated fuel-economy ratings.[4]

23.     Plaintiff and members of the putative Class reasonably relied on GM's material, yet false, representations that the Class Vehicles were EPA-rated at 17

---

[2] *See* http://www.autonews.com/article/20160513/RETAIL05/160519919/gm-grounds-large-16-crossovers-with-overstated-epa-mileage-labels (last visited May 16, 2016).

[3] *See id.*

mpg in city driving and 24 mpg on the highway, resulting in a combined rating of 19 mpg.

24.     A reasonable consumer would expect and rely on GM's advertisements, including the new vehicle Monroney stickers, to truthfully and accurately reflect the Class Vehicles' fuel-economy ratings.  Further, a reasonable consumer in today's market attaches material importance to the advertisements of gas mileage, as fuel efficiency is one of the most, if not the most, important considerations in making a purchase or lease decision for most consumers.

## V. CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of the following class:

> **The Nationwide Class**
> All persons or entities in the United States who are current or former owners and/or lessees of a Class Vehicle

26.     Alternatively, Plaintiff proposes the following state-specific sub-class:

> **The Florida Class**
> All persons or entities in Florida who are current or former owners and/or lessees of a Class Vehicle.

---

[4] *See id.*

27.     Excluded from the Class are Defendant, its affiliates, employees, officers and directors, persons or entities that purchased the Class Vehicles for resale, and the Judge(s) assigned to this case.  Plaintiff reserves the right to modify, change, or expand the Class definition.

28.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

29.     This action has been brought and may be properly maintained on behalf of each of the Classes proposed herein under Federal Rule of Civil Procedure 23.

30.     **Numerosity of the Class (Federal Rule of Civil Procedure 23(a)(1))** – The members of the Class are so numerous that their individual joinder is impracticable.  Plaintiff is informed and believes that at least 82,137 Class Vehicles were sold.  Inasmuch as the class members may be identified through business records regularly maintained by Defendant and its employees and agents, and through the media, the number and identities of class members can be ascertained.  Members of the Class can be notified of the pending action by e-mail, mail, and supplemented by published notice, if necessary.

31.   **Commonality and Predominance (Federal Rule of Civil Procedure 23(a)(2))** – There are questions of law and fact common to the Class. These questions predominate over any questions affecting only individual class members.  These common legal and factual issues include, but are not limited to:

    a.  Whether Defendant engaged in the conduct alleged herein;

    b.  Whether Defendant designed, advertised, marketed, distributed, leased, sold, or otherwise placed Class Vehicles into the stream of commerce in the United States;

    c.  Whether Defendant designed, manufactured, marketed, distributed, leased, sold or otherwise placed Class Vehicles into the stream of commerce in the United States knowing that the fuel-economy ratings of the Class Vehicles were false;

    d.  When Defendant first learned of the false fuel-economy ratings of the Class Vehicles;

    e.  Whether Defendant intentionally concealed from consumers the true fuel-economy ratings of the Class Vehicles;

    f.  Whether Plaintiff and the other Class members have been harmed by the fraud alleged herein;

    g.  Whether Defendant was negligent in misrepresenting the fuel-economy ratings of the Class Vehicles;

    h. Whether Defendant was unjustly enriched by its deceptive practices;

    i. Whether Plaintiff and members of the class are entitled to equitable relief in the form of rescission of the purchase agreement or other injunctive relief and, if so, in what amount.

32. **Typicality (Federal Rule of Civil Procedure 23(a)(3))** – The claims of the representative Plaintiff are typical of the claims of each member of the Class. Plaintiff, like all other members of the Class, has sustained damages arising from Defendant's conduct as alleged herein. The representative Plaintiff and the members of the Class were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic, and pervasive pattern of misconduct engaged in by Defendant.

33. **Adequacy (Federal Rule of Civil Procedure 23(a)(4))** – The representative Plaintiff will fairly and adequately represent and protect the interests of the Class members and has retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation. There are no material conflicts between the claims of the representative Plaintiff and the members of the Class that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class members.

34.  **Superiority (Federal Rule of Civil Procedure 23(b)(3))** – This suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3), because questions of law and fact common to the Class predominate over the questions affecting only individual members of the Class and a class action is superior to other available means for the fair and efficient adjudication of this dispute.  The damages suffered by individual class members are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's conduct.  Further, it would be virtually impossible for the members of the Class to individually redress effectively the wrongs done to them.  Even if Class members themselves could afford such individual litigation, the court system could not.  In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from complex legal and factual issues of the case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

35.  The Class Plaintiff contemplates the eventual issuance of notice to the proposed Class members setting forth the subject and nature of the instant action.

Upon information and belief, Defendant's own business records and electronic media can be utilized for the contemplated notices.  To the extent that any further notices may be required, the Class Plaintiff would contemplate the use of additional media and/or mailings.

## VI.   VIOLATIONS ALLEGED

### COUNT I
### VIOLATIONS OF THE MICHIGAN CONSUMER PROTECTION ACT
### (On Behalf of the Nationwide Class)

36.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

37.     Plaintiff brings this cause of action on behalf of himself and on behalf of the members of the Class against Defendant.

38.     The Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws § 445.901, *et seq.*, is designed to provide a remedy for consumers who are injured by deceptive business practices.  The MCPA expressly allows for class actions on behalf of consumers who have suffered a loss as a result of a violation of the Act.  *See* Mich. Comp. Laws § 445.911(3).

39.     Plaintiff, the Class members, and GM are persons under the MCPA.

40.     As discussed in detail herein, by marketing and selling the Class Vehicles with false fuel-economy ratings, GM's conduct constitutes unfair, unconscionable, and deceptive acts because GM:

a. Caused a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services, (Mich. Comp. Laws § 445.903(1)(a));

b. Represented that the Class Vehicles had sponsorship, approval, characteristics, uses, and quantities that they do not have, (Mich. Comp. Laws § 445.903(1)(c));

c. Represented that the Class Vehicles are of a particular standard, quality, or grade, (Mich. Comp. Laws § 445.903(1)(e));

d. Advertised the Class Vehicles with intent not to sell the Class Vehicles as advertised or represented, (Mich. Comp. Laws § 445.903(1)(g));

e. Failed to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer, (Mich. Comp. Laws § 445.903(1)(s));

f. Made representations of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is, (Mich. Comp. Laws § 445.903(1)(bb)); and

g.  Failed to reveal facts which are material to the transaction in light of representations of fact made in a positive manner, (Mich. Comp. Laws § 445.903(1)(cc));

41.    Specifically, as discussed herein, GM knew, or should have known, it was making misrepresentations about the fuel-economy ratings of the Class Vehicles by falsely inflating the city, highway, and combined mpg.

42.    GM also concealed, omitted, and failed to disclose that the Class Vehicles had not been adequately tested and certified in accordance with the EPA's fuel-economy testing.

43.    As shown through their purchase of the Class Vehicles, Plaintiff and the Class reasonably relied on GM's misrepresentations and omissions of material facts.

44.    Because of GM's violation of the MCPA, Plaintiff and the Class members suffered actual damages, including the increased costs of fuel and diminished resale value of the Class Vehicles, and any other compensatory or consequential damages allowed by law, in an amount to be determined at trial.

## COUNT II
## VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (On Behalf of the Florida Class)

45.    Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

46.     Plaintiff brings this cause of action on behalf of himself and on behalf of the members of the Florida Class against Defendant.

47.     The purpose of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") is "to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce."  Fla. Stat. § 501.202 (2).

48.     Defendant has engaged in unfair competition and unfair, unlawful or fraudulent business practices by the practices described above, and by knowingly and intentionally concealing from Plaintiff and Class members the fact that the Class Vehicles' fuel-economy ratings are false and inflated.  Defendant should have disclosed this information because it was in a superior position to know the true facts related to the fuel-economy, and Plaintiff and Class members could not reasonably be expected to learn or discover the true fuel-economy of the Class Vehicles on their own.

49.     These unfair methods of competition and unfair and deceptive acts have caused injuries to Plaintiff and members of the Class in an amount to be determined at trial.

## COUNT III
## FRAUD
**(On Behalf of the Nationwide Class or, Alternatively, the Florida Class)**

50.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

51.     Plaintiff brings this cause of action on behalf of himself and on behalf of the members of the Class against Defendant.

52.     The misrepresentations, nondisclosure, and/or concealment of material facts made by Defendant to Plaintiff and the members of the Class, as set forth above, were known, or through reasonable care should have been known, by Defendant to be false and material and were intended to mislead Plaintiff and the members of the Class.

53.     Plaintiff and the Class were actually misled and deceived and were induced by Defendant to purchase the Class Vehicles which they would not otherwise have purchased, or would have paid substantially less for.

54.     As a result of the conduct of Defendant, Plaintiff and the Class members have been damaged in an amount to be determined at trial.

## COUNT IV
## NEGLIGENT MISREPRESENTATION
**(On Behalf of the Nationwide Class or, Alternatively, the Florida Class)**

55.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

56.     Plaintiff brings this cause of action on behalf of himself and on behalf of the members of the Class against Defendant.

57.     Defendant had a duty to provide honest and accurate information to its customers so that customers could make informed decisions on the substantial purchase of automobiles.

58.     Defendant specifically and expressly misrepresented material facts to Plaintiff and Class members, as discussed above.

59.     Defendant knew, or in the exercise of reasonable diligence, should have known, that the ordinary and reasonable consumer would be misled by the Defendant's misleading and deceptive advertisements.

60.     Plaintiff and the Class members justifiably relied on Defendant's misrepresentations and have been damaged thereby in an amount to be determined at trial.

## COUNT V
## UNJUST ENRICHMENT
### (On Behalf of the Nationwide Class or, Alternatively, the Florida Class)

61.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

62.     Plaintiff brings this cause of action on behalf of himself and on behalf of the members of the Class against Defendant.

63.     Because of its wrongful acts and omissions, Defendant charged a higher price for the Class Vehicles than the Class Vehicles' true value and Defendant obtained money which rightfully belongs to Plaintiff and the members of the Class.

64.     Plaintiff and members of the Class conferred a benefit on Defendant by purchasing or leasing the Class Vehicles.

65.     Defendant had knowledge that this benefit was conferred upon them.

66.     Defendant has been unjustly enriched at the expense of Plaintiff, and its retention of this benefit under the circumstances would be inequitable.

67.     Plaintiff, therefore, seeks an order requiring Defendant to make restitution to him and the other members of the Class

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for judgment as follows:

1.     For an order certifying this action as a class action;

2.     For an order appointing Plaintiff as representative of the Class and his counsel of record as Class counsel;

3.     For an award of actual, general, special, incidental, statutory, compensatory and consequential damages on claims for fraud and in an amount to be proven at trial;

4.     For an award of exemplary and punitive damages in an amount to be proven at trial;

6.     For an order enjoining the wrongful conduct alleged herein;

7.     For costs;

8.     For interest;

9.     For such equitable relief as the Court deems just and appropriate, including but not limited to, rescission;

10.    For such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all claims so triable.

Respectfully submitted:

BY:   /s/_____ E. Powell Miller_____
        E. Powell Miller (P39487)
        Sharon Almonrode (P33938)
        MILLER LAW FIRM, P.C.
        950 W University Dr # 300,
        Rochester, Michigan 48307
        Telephone: (248) 841-2200

        Joseph G. Sauder*
        Matthew D. Schelkopf*
        Joseph B. Kenney*
        MCCUNEWRIGHT LLP
        1055 Westlakes Drive, Suite 300
        Berwyn, Pennsylvania 19312
        Telephone: (909) 557-1250
        Email: jgs@mccunewright.com

mds@mccunewright.com
jbk@mccunewright.com

Richard D. McCune*
David C. Wright*
**MCCUNEWRIGHT LLP**
2068 Orange Tree Lane
Suite 216
Redlands, California 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275
Email: rdm@mccunewright.com
         dcw@mccunewright.com

*Pro Hac Vice Applications to be Submitted*

Attorneys for Plaintiff and the Putative Class

DATED:  May 17, 2016