# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIFFANY ELLIS, STEPHEN TYSON,       )
GAIL BRALEY, DAVID LYALL,           )   Case No. 2:16-cv-11747-GCS-APP
LINDA KEMP, SYLVESTER               )
TIBBITS, LUCAS CRANOR, MARY         )   Hon. George Caram Steeh
CRAWFORD, IRENE STAGER,             )
NATASHA FORD, AND GARRY             )   Magistrate Judge Anthony P. Patti
WILLIT, on behalf of themselves and all )
others similarly situated,          )
                                    )
        Plaintiffs,                 )
                                    )
v.                                  )
                                    )
GENERAL MOTORS, LLC,                )
                                    )
        Defendant.                  )
                                    )
                                    )
_____    )


**<u>SETTLEMENT AGREEMENT AND RELEASE</u>**

# TABLE OF CONTENTS

**PAGE**

I.      DEFINITIONS ......................................................................1

II.     RECITALS ...........................................................................7

III.    REQUIRED EVENTS RELATING TO THE PRELIMINARY APPROVAL ORDER AND THE FINAL JUDGMENT AND ORDER ...........................................................................10

IV.     SETTLEMENT BENEFITS FOR THE CLASS MEMBERS ......................11

V.      ATTORNEYS' FEES AND INCENTIVE AWARD ..................................14

VI.     RETENTION OF SETTLEMENT ADMINISTRATOR AND COSTS ......16

VII.    RELEASE AND DISMISSAL WITH PREJUDICE ....................................17

VIII.   NOTICE ...............................................................................19

IX.     REQUEST FOR EXCLUSION BY CLASS MEMBERS ...........................21

X.      OBJECTIONS BY CLASS MEMBERS....................................................23

XI.     REPRESENTATIONS, WARRANTIES, AND COVENANTS..................26

XII.    TERMINATION....................................................................26

XIII.   MISCELLANEOUS PROVISIONS ...........................................................27

This Settlement Agreement and Release (the "Agreement") is made and entered into between plaintiffs Tiffany Ellis, Stephen Tyson, Gail Braley, David Lyall, Linda Kemp, Sylvester Tibbits, Lucas Cranor, Mary Crawford, Irene Stager, Natasha Ford and Garry Willit ("Plaintiffs"), individually and as representatives of the Settlement Class (as defined below), and defendant General Motors LLC ("GM").  The Agreement is intended to fully, finally and forever resolve, discharge and settle the lawsuit styled *Tiffany Ellis, et al. v. General Motors LLC*, Case No. 2:16-cv-11747-GCS-APP, pending in the United States District Court for the Eastern District of Michigan (the "Action") and all matters raised or that could have been raised therein, subject to the terms and conditions set forth below and approval by the Court.

## I.   DEFINITIONS

As used in this Agreement, the following terms not defined above shall have the meanings set forth below:

A.   "Claims Administrator" or "Administrator" or "Settlement Administrator" means a third-party agent or administrator to be selected by Class Counsel and GM's Counsel and approved by the Court to help implement and effectuate this Agreement.

1

B.     "Claim Form Deadline" shall mean the deadline to be set in the Preliminary Approval Order, and included in the Class Notice by which any Claim Form must be received by the Claims Administrator.

C.     "Class Counsel" shall mean The Miller Law Firm, P.C. and McCune Wright Arevalo LLP.

D.     "Class Members" shall mean the individuals and entities making up the proposed Settlement Class, approximately 7,600 in number.

E.     " Class Member's Immediate Family" shall mean a Class Member's spouse and children.

F.     "Class Notice" shall mean the settlement notice to be mailed to the Class, substantially in the form attached as Exhibit A.

G.     "Class Vehicles" shall mean the model year 2016 Chevrolet Traverse, Buick Enclave and GMC Acadia vehicles that were owned or leased by Class Members. The vehicle identification numbers of the Class Members' Class Vehicles are set forth on the list attached hereto as Exhibit B.

H.     "Defendant" shall mean General Motors, LLC.

I.     "Effective Date" shall mean forty-five (45) days after the Court's entry of the Final Judgment and Order if no document is filed within that time period seeking appeal, review, or any other relief in connection with the Agreement, certification of the Settlement Class and/or the Final Judgment and

Order. If any such document is filed, then the Effective Date shall be thirty (30) days after the date upon which all proceedings relating to such appeal, review, and other relief have fully and finally terminated in such a manner so as to permit full implementation of the Agreement and the Final Judgment and Order without any further risk that the Agreement and/or the Final Judgment and Order could be further challenged.

J.      "Final Judgment and Order" and "Final Approval" shall refer to the final judgment and order issued by the Court that gives full and final approval to the Agreement, and all aspects of the class settlement therein, and dismissed the Action with prejudice.

K.      "GM's Counsel" or "Defendant's Counsel" shall mean Kirkland & Ellis LLP.

L.      "Notice and Administrative Costs" means the reasonable and authorized costs and expenses of disseminating and publishing Class Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Settlement Administrator in administering the Settlement, including but not limited to the fees of the Settlement Administrator and its costs and expenses incurred in mailing of the settlement consideration described below to Class Members.

M.     "Notice of Intention to Appear" shall mean the document that any Class Member must file with the Court if the Class Member has an Objection to the Agreement and wishes to appear at the hearing on the Final Judgment and Order.

N.     "Objection" shall mean a written notice of objection to any aspect of the Agreement submitted by or on behalf of a Class Member.

O.     "Objection Deadline" shall mean the deadline, to be set in the Preliminary Approval Order, by which an Objection must be filed with the Court.

P.     "Opt-Out" or "Request for Exclusion" shall mean a request by a Class Member to be excluded from the Settlement Class and from the settlement provisions set forth in this Agreement by following the procedures set forth herein and in the Class Notice.   Class Members electing to participate in a one-hour mediation, as set forth in Section IX-C, are deemed to have opted out of the Settlement Class.

Q.     "Opt-Out Deadline" or "Request for Exclusion Deadline" means the last date on which a Class Member may request to be excluded from the Settlement Class and thereafter not be bound by the Settlement Agreement or any aspect thereof, but also not be entitled to share in any of the compensation available to Settlement Class Members pursuant to the Settlement Agreement.   This is also the

Deadline for the Class Member seeking exclusion to request to participate in the one hour mediation set forth in Section IX-C.

R.     "Parties" shall refer to Plaintiffs and GM.

S.     "Party" shall mean any one of the "Parties."

T.     **"**Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, affiliates, attorneys, predecessors, successors, representatives, and/or assignees.

U.     "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

V.     "Preliminary Approval Order" shall mean the order of the Court preliminarily approving this Agreement, substantially in the form attached as Exhibit C.

W.     "Released Claims" shall mean the claims released under this Agreement as set forth in more detail in Section VII below.

X.     "Released Parties" shall mean GM, any individual or entity, including authorized GM dealerships, involved in any way in the design, manufacture, advertising, marketing, distribution, sale, and/or service of any of the Class

5

Vehicles purchased or leased by the Class Members, as well as all of these individuals' and entities' past, present, and future employees, officers, directors, shareholders, owners, partners, members, joint venturers, managers, representatives, adjusters, attorneys, agents, consultants, insurers, excess insurers, reinsurers, indemnitors, contractors, employers, affiliates, divisions, partnerships, independent contractors, servants, parents, subsidiaries, related entities, predecessors, successors, assignors, assignees, including but not limited to, successors or predecessors by merger, and any other person or entity who has, had, or could have legal responsibility relating to the Released Claims.

Y.  "Request for Exclusion" See "Opt-Out."

Z.  "Representative Plaintiffs" means Tiffany Ellis, Stephen Tyson, Gail Braley, David Lyall, Linda Kemp, Sylvester Tibbits, Lucas Cranor, Mary Crawford, Irene Stager, Natasha Ford, and Garry Willit.

AA.  "Service Awards" means the amount sought by application to, and approved by, the Court, and that is payable to the Representative Plaintiffs solely from the amount approved by the Court as described in Section V-C of this Settlement Agreement for commencing this action, subjecting him or herself to the loss of privacy, depositions, and other discovery or appearance at trial.

BB.  "Settlement Administrator" see Claims Administrator.

CC.  "Settlement Agreement" means this Agreement, including its attached

6

Exhibits, which are incorporated herein by reference, duly executed by Class Counsel, Defendant, and Defendant's counsel and class representatives.

DD.   "Settlement Class" or "Settlement Class Members" shall mean "all persons within the United States who purchased or leased a retail new model year 2016 Chevrolet Traverse, Buick Enclave or GMC Acadia with a 'window sticker' displaying incorrect EPA-estimated fuel economy and five-year fuel costs from an authorized GM dealer and who have *not* executed a release of any and all claims set forth in the Action in favor of GM in accordance with the 'Compensation Program' described  below, who have not otherwise released their claims against GM set forth in the Action, the VIN number for the vehicle of such settlement class members is set forth on Exhibit "B", and who do not subsequently submit timely Requests for Exclusion.

## II.  RECITALS

A.   Federal law and EPA regulations require vehicle manufacturers to disclose estimated city, highway and combined fuel economy ("mpg") ratings on new vehicle "window stickers."  The ratings are based on standardized laboratory tests and are used to calculate, pursuant to EPA regulations, EPA estimates of the vehicle's 5-year fuel cost compared to an "average" vehicle.  This fuel cost estimate, too, must be disclosed on vehicle window stickers.

B.     Counsel for Plaintiffs filed an action in federal court in the Eastern District of Michigan alleging that Defendant General Motors LLC ("GM") violated state consumer protection laws, engaged in fraud and misrepresentation and was unjustly enriched by overstating the EPA-estimated fuel economy ("mpg") ratings and their EPA-estimated 5-year fuel cost that federal law required to be displayed on the Class Vehicles "window stickers."

C.     On or about May 20, Defendant announced to its dealers that it was initiating a voluntary correction program.

D.     GM admitted that these estimates were overstated by 1-2 mpg depending on the model of Class Vehicle involved and claimed that the overstatement was due to an inadvertent computer error.   GM offered a compensation program for owners and lessors of affected vehicles. ("Compensation Program").

F.     The original plaintiff in the Action, Sean Tolmasoff, and Plaintiffs' Counsel asked the Court to enjoin GM from contacting unrepresented putative class members through the Compensation Program, to afford putative class members the opportunity to be represented in releasing their claims and for counsel to investigate the proposed compensation and any damages.   After full briefing and oral argument, the Court declined to do so.

G.    Mr. Tolmasoff subsequently elected to participate in the Compensation Program, executed a release and withdrew as a named plaintiff. Plaintiffs are the named plaintiffs in the First Amended Class Action Complaint filed on August 3, 2016.

H.    The eligible purchasers and lessees of Class Vehicles who elected not to participate in the Compensation Program and did not otherwise release their claims against GM are eligible to participate in the settlement set forth in this Agreement and the approximately 7,600 vehicle identification numbers of their Class Vehicles are attached as Exhibit B.

I.    Following extensive discussions and mediation before Mediator Gene J. Esshaki, the Parties reached a tentative class action settlement, subject to approval of the Court, the terms of which are set forth herein.

J.    After the Parties agreed to the terms of the tentative settlement, Plaintiffs' Counsel and GM engaged in separate negotiations, with the aid of the Mediator, concerning Plaintiffs' claim for an award of attorneys' fees and reimbursement of litigation costs and expenses ("Fees and Costs").  When the Parties could not reach agreement, they submitted the Fees and Costs issue for binding arbitration to Mr. Esshaki, and acting as an arbitrator, he issued his award on February 10, 2017 in the amount of $1,300,000 (subject to Court approval). Further, in a post arbitration dispute regarding payment of mediator and notice and

administration fees as set forth in Sections V-A, VI-A, and VIII-A, Class Counsel agreed to reduce their fee by $15,000.00 (fifteen-thousand dollars) and Defendant agreed to assume the costs of payment of the mediator and notice and administration fees as set forth in Sections VI-A and VIII-A.   In the event of a termination of this Settlement Agreement because of a triggering event set forth in this Settlement Agreement, Defendant shall solely remain responsible for any fees incurred pursuant to Sections VI-A. and VIII-A.

## III.   REQUIRED EVENTS RELATING TO THE PRELIMINARY APPROVAL ORDER AND THE FINAL JUDGMENT AND ORDER

A.    Promptly after execution of this Agreement by all Parties, Class Counsel shall take all reasonable and necessary steps to obtain entry of the Preliminary Approval Order, including preliminary certification of the Settlement Class; and thereafter file a motion for final approval of the Settlement, including certification of the Settlement Class and, subsequently, obtain entry of an order certifying the Settlement Class and granting Final Approval of the Settlement. GM agrees to support certification of the Settlement Class.  Class Counsel, with GM's pre-filing review, shall prepare and file all documents seeking the Court's approval of the Preliminary Approval Order, certification of the Settlement Class and entry of the Final Judgment and Order.

B.    If the Court fails to (1) issue the Preliminary Approval Order, (2) certify the Settlement Class or (3) enter the Final Judgment and Order, the Parties

agree that this Agreement is voidable by either Party by providing written notice to the other Party within fifteen (15) days of the Court's action.   In such event, subject to the provision in Section VI-A regarding Defendant's payment of Notice and Administrative Costs, each Party shall return to its respective pre-settlement posture without prejudice or waiver to any Party's pre-settlement position on any legal or factual issue.

      C.    The Parties shall cooperate with each other in good faith to carry out the purposes of and to effectuate this Agreement, and they shall take any and all actions and execute and deliver any and all additional documents reasonably necessary or appropriate to carry out the terms of this Agreement and the transactions contemplated hereby.

      D.    Upon entry of the Final Judgment and Order, this Action shall be dismissed, on its merits and with prejudice.   The Final Judgment and Order will also enjoin the prosecution of any litigation or class action related to the issues and claims that were raised or that could have been raised by Plaintiffs or Settlement Class Members in the Action based upon the facts alleged in the Complaint, as amended, and that are subject to the release provisions below.

## IV.   SETTLEMENT BENEFITS FOR THE CLASS MEMBERS

      A.    Class Members may elect one of either Option (1) or (2) below:

**Option 1:**    Class Members can elect to receive a check payable in cash, in an amount calculated as follows:  Class Members can elect to receive the difference in the EPA-required 5-year fuel cost estimates shown on the original, incorrect window stickers and on the corrected window stickers, as follows:

|  | FWD | AWD Traverse/Acadia | AWD Enclave |
|---|---|---|---|
| Incorrect combined estimated mpg | 19 | 19 | 18 |
| Corrected combined estimated mpg | 18 | 17 | 17 |
| Incorrect estimated fuel cost | $ 2,750 | $ 2,750 | $ 3,500 |
| Corrected estimated fuel cost | $ 3,500 | $ 4,250 | $ 4,250 |
| Compensation | $   750 | $ 1,500 | $   750 |

Lessees under option 1 shall be paid pro rata amounts based on the length of their leases.  For example, a person leasing an AWD Traverse or Acadia for 36 months is offered three-fifths of $1,500, or $900, representing the difference in five-year EPA-estimated fuel cost during the 36-month lease term; or

**Option 2:**        Class Members can elect to receive a voucher good for a $2,000 credit on the purchase of any new GM Vehicle from an authorized GM dealer in the United States within 3 years of the Effective Date. A Class Member electing to receive the voucher, or a member of the Class Member's Immediate Family, may use the voucher as a $2,000 credit on the purchase price negotiated with the GM dealer, in addition to any rebates or other incentives otherwise applicable to that vehicle purchase on the date of purchase. The vouchers are otherwise non-transferable. Any attempt to sell or otherwise transfer the voucher to any third party other than the Class Member's Immediate Family shall render such voucher immediately void. To the extent that the Court or any court should require GM to provide these vouchers or their value, or any portion of their value, to anyone other than Class Members or Class Members' Immediate Family, as defined herein, GM will have the right to terminate the Agreement by providing written notice to Class Counsel within fifteen (15) days' notice of such action. In such event, each Party shall return to its respective pre-settlement posture without prejudice or waiver to any Party's pre-settlement position on any legal or factual issue, subject to the provision in Sections III-B and VI-A regarding Notice and Administrative Costs.

       B.      The Settlement Administrator shall mail to each Class Member, at the same time it mails the Class Notice, a Claim Form providing the Class Member with an option to receive the $2,000 voucher instead of receiving the check payable in cash. Class Members who wish to receive the check payable in cash will not be required to complete and return the Claim Form. Class Members who do not return the Claim Form or Class Members who do not opt out of the Settlement Class will automatically receive the check payable in cash, provided the proposed settlement is approved as provided for herein. A Class Member who

13

wishes to receive the voucher must return the Claim Form to the Settlement Administrator indicating the election to receive the voucher by the Claims Form Deadline.

C.     GM shall coordinate with the Settlement Administrator to provide the checks payable in cash or vouchers to the Class Members following the Effective Date.  The checks payable in cash and vouchers shall be mailed to Class Members (excluding those who file a timely Request for Exclusion) within sixty (60) days from the Effective Date.

## V.     ATTORNEYS' FEES AND INCENTIVE AWARDS

A.     GM agrees not to oppose Class Counsel's application for attorneys' fees, costs and expenses to be paid by GM as long as that total does not exceed one million three hundred thousand dollars ($1,300,000), and Class Counsel agree that they will not seek attorneys' fees, costs and expenses from the Court that exceed that sum.  Class Counsel will not seek any other attorneys' fees, costs and expenses for any work they have performed or will perform in connection with this Agreement.  Further, in a post arbitration dispute regarding payment of mediator and notice and administration fees as set forth in Sections II-J, VI-A, and VIII-A, Class Counsel agreed to reduce their fee by $15,000.00 (fifteen-thousand dollars) and Defendant agreed to assume the costs of payment of the mediator and notice and administration fees as set forth in Sections VI-A and VIII-A.  In the event of a

termination of this Settlement Agreement because of a triggering event set forth within this Settlement Agreement, Defendant shall solely remain responsible for any fees incurred pursuant to Sections VI-A and VII-A.  Any Attorneys' Fees and costs approved by the Court will be in addition to, and not in lieu of, the settlement benefits Plaintiffs will receive pursuant to Section IV of this Agreement.

B.   GM will pay Class Counsel's attorneys' fees, costs and expenses, in an amount approved by the Court (not to exceed $1,285,000 reflecting the $15,000,000 reduction referenced above), by way of a single check made payable and delivered to the Miller Law Firm, P.C.  This amount will be paid no later than thirty (30) days following the Effective Date, subject to GM's prior receipt of a completed IRS Form W-9 form duly executed on behalf of the Miller Law Firm, P.C.  GM shall have no responsibility for and no liability with respect to the allocation of the Attorneys' Fees and Expenses among Class Counsel or any other counsel purporting to represent Plaintiffs, and GM takes no position with respect to such matters.

C.   GM agrees not to oppose Plaintiffs' application for an incentive award to each of the Plaintiffs ("Incentive Award") to be paid by GM as long as the Incentive Award to each Plaintiff does not exceed $500.  Plaintiffs and Class Counsel agree that they will not seek any Incentive Awards on behalf of any individual Plaintiff that exceed that sum.  Any Incentive Award approved by the

Court will be in addition to, and not in lieu of, the settlement benefits Plaintiffs will receive pursuant to Section IV of this Agreement.  GM will pay the Incentive Awards, in an amount approved by the Court (not to exceed $500 per plaintiff), by way of checks made payable to each Plaintiff.  The Incentive Awards will be paid by delivering the checks to Class Counsel, provided GM has received executed W-9's for the plaintiffs, no later than thirty (30) days following the Effective Date.

## VI.    RETENTION OF SETTLEMENT ADMINISTRATOR AND COSTS

A.    All Notice and Administrative Costs will be paid by GM, even if the Court does not grant Final Approval or the Effective Date does not occur.

GM Counsel will select the Settlement Administrator, subject to approval by Class Counsel, based on the experience, reputation and proposed costs and charges of potential Settlement Administrators.

The Settlement Administrator shall administer the Settlement in a cost-effective and timely manner.  Without limiting any of its other obligations as stated herein, the Settlement Administrator shall be responsible for printing and mailing the Class Notice, distribution of the settlement benefits to Settlement Class Members, and providing all other related support, reporting, and administration as further stated in this Agreement.  Class Counsel and GM's Counsel may direct the Settlement Administrator to assist with various additional administrative tasks in

implementing the Settlement as Class Counsel and GM's Counsel shall deem appropriate by mutual agreement.

Class Counsel and GM's Counsel will coordinate with the Settlement Administrator to provide the Class Notice to the Class Members, as provided in this Settlement Agreement. The Settlement Administrator shall administer the Settlement in accordance with the terms of this Settlement Agreement and, without limiting the foregoing, shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications, or other information to any person or entity except to counsel for the parties, as provided for in this Settlement Agreement or by stipulation of the parties' counsel or by court order.

## VII. RELEASE AND DISMISSAL WITH PREJUDICE

A.      As of the entry of the Final Judgment and Order, Plaintiffs and the Settlement Class Members hereby release GM and the Released Parties from any and all claims, demands, actions, causes of actions, individual actions, class actions, damages, obligations, liabilities, appeals, reimbursements, penalties, costs, expenses, attorneys' fees, liens, interest, injunctive or equitable claims and/or administrative claims, whether known or unknown, filed or unfiled, asserted or unasserted, regardless of the legal theories involved, that were brought or could

17

have been brought in the Action that relate in any manner to the incorrect representations regarding the EPA-estimated fuel economy of Class Vehicles, and Plaintiffs and Settlement Class Members expressly waive and relinquish all such claims or causes of action to the fullest extent permitted by law ("Released Claims"). Plaintiffs and the Settlement Class Members recognize that even if they later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of the Final Judgment and Order, Plaintiffs and the Settlement Class Members fully, finally and forever settle and release any and all of the Released Claims. The Parties acknowledge that the foregoing release was bargained for and is an essential and material element of this Agreement. For the avoidance of doubt, the Released Claims shall not include the release of any claims concerning any alleged defective products or alleged personal injury (except to the extent that recovery for such claims duplicates the recovery provided in this Agreement).

B.     The foregoing release does not affect the rights of Class Members who timely and properly submit a Request for Exclusion.

C.     Upon issuance of the Final Judgment and Order, the Action shall be dismissed with prejudice and Settlement Class Members, other than those who timely and properly submitted a Request for Exclusion, shall be permanently

barred from initiating, asserting, or prosecuting any Released Claim against GM or the Released Parties.

## VIII. NOTICE

A.      Class Notice, in the form of attached Exhibit A, and a Claim Form, in the form of attached Exhibit D, will be sent to each Class Member by first-class mail by the Settlement Administrator within 21 days following the Court's entry of the Preliminary Approval Order.   The Settlement Administrator shall mail the Class Notice to each Class Member at the address reflected in GM's records. However, if the Settlement Administrator identifies a different mailing address by utilizing the National Change of Address ("NCOA") database for any Class Member, then the Settlement Administrator shall mail the Class Notice to the name and address as reflected in the NCOA database.  With respect to any Class Notice returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall take reasonable steps to obtain a more current address, and if found, mail the Class Notice to the new address.   All costs relating to providing Class Notice to the Class Members, including the costs for preparation and mailing of the Class Notice, and for obtaining accurate address information for Class Members in accordance with this paragraph, will be borne solely by General Motors as set forth in Section VI-A.   The Notice and Administrative Costs paid by GM will be separate and apart from the settlement benefits payable to the Class

Members under the Settlement, the attorneys' fees, costs and expenses payable by GM to Class Counsel and the Incentive Awards payable by GM to Plaintiffs.

B.  Class Counsel, and not GM or its counsel, will have responsibility for communications with Class Members regarding the Class Notice and the issues addressed in this Agreement other than the printing and mailing of the Class Notice, which shall be handled by the Settlement Administrator.  Nothing in this provision is intended to prevent GM from communicating with Class Members in the normal course of GM's business.

C.  The Parties agree that any communications or publications by Class Counsel regarding the issues addressed in this Agreement will be consistent with the terms of this Agreement, the Class Notice, the Preliminary Approval Order, and the Final Judgment and Order.  To the extent that Class Counsel communicate with any press or media concerning the issues addressed in this Agreement, Class Counsel will provide GM with 48 hours advance notice and reasonable opportunity to review all such communications in advance.

D.  GM will provide notice of this Agreement, and provide copies of any other required documents to governmental entities or agencies as may be required by the Class Action Fairness Act.  Class Counsel shall cooperate with GM in this process.

## IX.   REQUEST FOR EXCLUSION BY CLASS MEMBERS

A.   Any Class Member may make a request to be excluded from the SettlementClass, and from participation in the settlement consideration provided by this Agreement, by mailing or delivering such request in writing ("Request for Exclusion") to the Settlement Administrator which address will be set forth in the Class Notice.

B.   Any Request for Exclusion must be actually delivered not later than the Request for Exclusion Deadline to be set in the Preliminary Approval Order. The Request for Exclusion shall (1) state the Class Member's printed full name, current address and phone number and email address; (2) specifically state the Class Member's desire to be excluded from the Settlement Class; (3) provide the Vehicle Identification Number for the Class Member's vehicle; and (4) be signed personally by the Class Member.  Failure to comply with these requirements and to timely submit the Request for Exclusion will result in the Class Member being bound by the terms of this Agreement.

C.   Any Class Member who submits a timely Request for Exclusion may not file an Objection and shall be deemed to have waived any rights or benefits under this Agreement, subject to the right to request to participate in the post-exclusion one-hour telephonic mediation described in Paragraph D below.

D.      Any Class Member who submits a timely Request for Exclusion may (but is not required) to) request a one-hour telephonic mediation with GM, before a Mediator – Gene J. Esshaki – to determine whether the excluded Class Member's claim can be settled.  By offering this option, GM is not promising or making any representation that any such Class Member's claim will be settled at the mediation, but only that GM will participate in the mediation with the Class Members who elect the mediation option. The Class Notice shall advise Class Members of the mediation option.   GM shall pay for the cost of the Mediator.  A Class Member who excludes themselves from the Settlement Class and chooses to participate in a one-hour telephonic mediation may receive the same, more, or less than the offered settlement benefit in Section IV or nothing at all.  Class Counsel will represent the excluded Class Member solely for the mediation.  If mediation is not successful, Class Counsel's representation ends.  To request to participate in the one-hour mediation, the Request for Exclusion described in Paragraph A above must also clearly indicate "I request to participate in the telephonic mediation." The same time limit that applies to the Request for Exclusion applies to the Request for Mediation ("Request for Exclusion Deadline").

E.      Class Counsel shall provide the names and addresses of excluded Class Members to the Court ten (10) days prior to the hearing on the Final Judgment and Order.

F.      In the event that more than 5% of eligible Class Members submit a proper and timely Request for Exclusion, GM shall have the option to void this Agreement by providing written notice to Class Counsel within fifteen (15) days of the final deadline for submitting requests for exclusion.  In such event, each Party shall return to its respective pre-settlement posture without prejudice or waiver to any Party's pre-settlement position on any legal or factual issue.

## X.      OBJECTIONS BY CLASS MEMBERS

A.      As will be set forth in the Class Notice,  any Settlement Class Member who wishes to object to any provision of this Agreement must file a written notice of objection (an "Objection") with the Court no later than the Objection Deadline to be set in the Preliminary Approval Order.   An objection may only be filed by a Settlement Class Member.

B.      To state a valid Objection, a Settlement Class Member must include the following information in the Objection:  (1) the objector's full name, current address, current telephone number and email address; (2) documentation, such as documents showing the Vehicle Identification Number for the Settlement Class Member's vehicle, sufficient to establish membership in the Settlement Class; (3) a written statement of all grounds for the objection, accompanied by any legal support for the objection; (4) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (5) the objector's signature and

the signature of the objector's duly authorized attorney or other duly authorized representation (if any) along with documentation setting forth such representation; (6) copies of any documents supporting the Objection.

C.    The Settlement Class Member must personally sign the objection; an attorney's signature is not sufficient.  Subject to the approval of the Court, any Settlement Class Member filing an Objection may appear, in person or by counsel, at the hearing on the Final Judgment and Order.  However, to be eligible for appearance at the hearing, such Settlement Class Member must file with the Court and serve upon all counsel designated in the Class Notice, a Notice of Intention to Appear at the hearing on the Final Judgment and Order by the Objection Deadline. The Notice of Intention to Appear must include the case name, case number, the Settlement Class Member's printed name, address, email address, telephone number and signature.  The Settlement Class Member also must include copies of any papers, exhibits, or other evidence that the Settlement Class Member or counsel will present to the Court.  Any Settlement Class Member who does not provide a Notice of Intention to Appear in complete accordance with these specifications, subject to approval by the Court, may be deemed to have waived any objections to the Agreement and may be barred from speaking or otherwise presenting any views at the hearing on the Final Judgment and Order.

D.     In the event that a Settlement Class Member objects through an attorney hired at his, her or its own expense; the attorney will have to file a notice of appearance with the Court by the Objection Deadline and serve a copy of the notice and the objection containing the information detailed above on Class Counsel and Defendant's Counsel by the Objection Deadline.

E.     Any Settlement Class Member who fails to file and serve timely a written objection containing all of the information listed above in the previous paragraphs, including notice of his/her intent to appear at the final approval hearing, shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by any means, including but not limited to an appeal.

F.     Written notice of an objection in appropriate form must be filed with: The Clerk of the United States District Court for the Eastern District of Michigan at the Theodore Levin U.S. Courthouse, Room 564, 231 West Lafayette Blvd, Detroit, MI 48226 by the Objection Deadline, and served concurrently therewith upon each of the following: (1) E. Powell Miller, The Miller Law Firm, P.C., 950 West University Drive, Rochester, MI 48307 and (2) Robert B. Ellis, P.C., Kirkland & Ellis, LLP, 300 North LaSalle, Chicago, IL 60654.

G.     Class Counsel agrees that it will be solely responsible for defending this Agreement and the Final Judgment and Order in the event of an appeal or

challenge by a Class Member or any other individual or entity.  GM will make a filing either joining and/or not opposing Class Counsel's defense.

## XI.    REPRESENTATIONS, WARRANTIES, AND COVENANTS

A.    Class Counsel represent and warrant that they have the authority, on behalf of Plaintiffs, to execute, deliver, and perform this Agreement and to consummate all of the transactions contemplated hereby.  This Agreement has been duly and validly executed and delivered by Class Counsel and Plaintiffs and constitutes their legal, valid, and binding obligation.

B.    GM, through its undersigned attorneys, represents and warrants that it has the authority to execute, deliver, and perform this Agreement and to consummate the transactions contemplated hereby.  This Agreement has been duly and validly executed and delivered by GM and constitutes its legal, valid, and binding obligation.

## XII.   TERMINATION

A.    In addition to the circumstances outlined above that entitle the Parties to terminate this Agreement, either Party shall have the right to terminate this Agreement in the event that the Court or any appellate court, rejects, denies approval, or modifies the Agreement or any portion of the Agreement in a way that is material.  For purposes of this provision, "material" shall mean any order of the court that increases GM's costs or financial exposure by more than $25,000.

B.     In addition to the circumstances outlined above that entitle the Parties to terminate this Agreement, either Party shall have the right to terminate this Agreement in the event that any governmental or regulatory agency should successfully challenge any of the terms of the Agreement such that any material provisions of this Agreement are deemed invalid.

C.     If any Party elects to terminate the Agreement under this provision, the Party shall provide the other Party with notice of the termination fifteen (15) days after the event or action that gives rise to the termination.  In such event, each Party shall return to its respective pre-settlement posture without prejudice or waiver to any Party's pre-settlement position on any legal or factual issue. However, as set forth in Section VI-A above, any Notice and Administrative Costs incurred in connection with the Settlement shall be payable by the Parties even if the Court does not grant Final Approval or the Effective Date does not occur.

## XIII.  MISCELLANEOUS PROVISIONS

A.     This Agreement is not to be used in evidence (except in connection with obtaining approval of this Agreement and enforcing its terms) and shall not at any time be construed or deemed to be an admission or concession by GM with respect to any alleged wrongdoing, fault, or omission of any kind whatsoever, regardless of whether or not this Agreement results in entry of a Final Judgment and Order as contemplated herein.  Neither this Agreement nor any certification of

a class pursuant to it shall constitute, in this or any other proceeding, an admission by GM, or evidence or a finding of any kind, that any requirement for class certification is satisfied with respect to the Action, or any other litigation, except for the limited purpose of settlement pursuant to this Agreement.

B.     The headings of the sections and paragraphs of this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

C.     This Agreement may not be modified or amended except in writing and signed by all of the Parties.

D.     This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Faxed or scanned signatures shall be treated as originals.

E.     Except as otherwise provided in this Agreement, each Party bears his, her, or its own attorneys' fees, costs and expenses of the Action and in connection with this Agreement.

F.     The Parties to this Agreement reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement, as well as to correct any inadvertent, non-substantive mistakes or typographical errors contained in the Agreement or the Exhibits.

28

G.     The administration and consummation of the settlement embodied in this Agreement shall be under the authority of the Court.  The Court shall retain jurisdiction to protect, preserve, and implement the Agreement, including but not limited to, the release.  The Court expressly retains jurisdiction to enter such further orders as may be necessary or appropriate in  administering and implementing the terms and provisions of the Agreement.  The Parties do not intend by this provision to give the Court authority to change any term or condition of this Agreement over the objection of any Party.

H.     The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel.  Since this Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply.  The Parties were represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Agreement, and there was no disparity in bargaining power among the Parties to this Agreement.

I.     This Agreement constitutes the entire, fully integrated agreement among the Parties and cancels and supersedes all prior written and unwritten agreements and understandings pertaining to the settlement of the Action.

J.     The Agreement shall be governed by and interpreted according to the laws of the State of Michigan, notwithstanding its conflict of law provisions.

K.     If any disputes arise regarding the implementation or interpretation of this Agreement, the parties agree to use reasonable efforts to resolve the dispute, including consultation with the Mediator, Gene Esshaki; and if no agreement can be reached, the dispute will be submitted to the Court, which will retain continuing jurisdiction to resolve such disputes. The Parties do not intend by this provision to give the Court authority to change any term or condition of this Agreement over the objection of a Party.

L.     All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided.  In computing any period of time prescribed or allowed by this Agreement,  the day of the act, or default, from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday or Sunday or a legal holiday, in which event the period shall run until the end of the next day that is not one of the aforementioned days.  Each of the Parties reserves the right, subject to the Court's approval, to seek any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement, and to modify or supplement any notice contemplated hereunder.

M.     Any failure by any of the Parties to insist upon the strict performance by any of the other Parties of any of the provisions of this Agreement shall not be deemed a waiver of any provision of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions herein.

N.     All notices to the Parties or counsel required by this Agreement shall be made in writing and communicated by electronic and regular mail to the following addresses (unless one of the Parties subsequently designates one or more other designees):

**For Plaintiffs and Class Counsel:**

E. Powell Miller
Sharon S. Almonrode
Miller Law Firm, P.C.
950 W. University Dr. #300
Rochester, Michigan 48307
Telephone: (248) 841-2200
epm@millierlawpc.com
ssa@millerlawpc.com

Richard D. McCune
Joseph G. Sauder
McCune Wright Arevalo LLP
3281 Guasti Road
Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
rdm@mccunewright.com
jgs@mccunewright.com

**For GM:**

Robert B. Ellis, P.C.
Kirkland & Ellis LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
robert.ellis@kirkland.com

L. Joseph Lines III
General Motors LLC
400 Renaissance Center
Mail Code 482-026-601
Detroit, Michigan 48265-4000
Telephone: (313) 665-7386
lawrence.j.lines@gm.com

**IN WITNESS WHEREOF**, the Parties and their representatives have executed this Agreement as of the dates(s) indicated on the lines below.

Dated:\_\_7/10/2017_____

DocuSigned by:

_____
Tiffany Ellis, Plaintiff

Dated:_____

_____
Stephen Tyson, Plaintiff

Dated:_____

_____
Gail Braley, Plaintiff

Dated:_____

_____
David Lyall, Plaintiff

Dated:_____

_____
Linda Kemp, Plaintiff

Dated:_____

_____
Sylvester Tibbits, Plaintiff

Dated:_____

_____
Lucas Cranor, Plaintiff

Dated:_____

_____
Mary Crawford, Plaintiff

Dated:_____

_____
Irene Stageer, Plaintiff

Dated:_____

_____
Natasha Ford, Plaintiff

**IN WITNESS WHEREOF**, the Parties and their representatives have executed this Agreement as of the dates(s) indicated on the lines below.

Dated:_____    _____

            Tiffany Ellis, Plaintiff

Dated: 7/3/2017 _____    _____

            Stephen Tyson, Plaintiff

Dated:_____    _____

            Gail Braley, Plaintiff

Dated:_____    _____

            David Lyall, Plaintiff

Dated:_____    _____

            Linda Kemp, Plaintiff

Dated:_____    _____

            Sylvester Tibbits, Plaintiff

Dated:_____    _____

            Lucas Cranor, Plaintiff

Dated:_____    _____

            Mary Crawford, Plaintiff

Dated:_____    _____

            Irene Stageer, Plaintiff

Dated:_____    _____

            Natasha Ford, Plaintiff

**IN WITNESS WHEREOF**, the Parties and their representatives have executed this Agreement as of the dates(s) indicated on the lines below.


Dated:_____  _____

Tiffany Ellis, Plaintiff


Dated:_____  _____

Stephen Tyson, Plaintiff


Dated: 7/3/2017 _____  _____

Gail Braley, Plaintiff


Dated:_____  _____

David Lyall, Plaintiff


Dated:_____  _____

Linda Kemp, Plaintiff


Dated:_____  _____

Sylvester Tibbits, Plaintiff


Dated:_____  _____

Lucas Cranor, Plaintiff


Dated:_____  _____

Mary Crawford, Plaintiff


Dated:_____  _____

Irene Stageer, Plaintiff


Dated:_____  _____

Natasha Ford, Plaintiff

32

**IN WITNESS WHEREOF**, the Parties and their representatives have

executed this Agreement as of the dates(s) indicated on the lines below.

Dated:_____

_____
Tiffany Ellis, Plaintiff

Dated:_____

_____
Stephen Tyson, Plaintiff

Dated:_____

_____
Gail Braley, Plaintiff

Dated: _7-6-2017_

_____
David Lyall, Plaintiff

Dated:_____

_____
Linda Kemp, Plaintiff

Dated:_____

_____
Sylvester Tibbits, Plaintiff

Dated:_____

_____
Lucas Cranor, Plaintiff

Dated:_____

_____
Mary Crawford, Plaintiff

Dated:_____

_____
Irene Stageer, Plaintiff

Dated:_____

_____
Natasha Ford, Plaintiff

32

**IN WITNESS WHEREOF**, the Parties and their representatives have executed this Agreement as of the dates(s) indicated on the lines below.

Dated:_____          _____

Tiffany Ellis, Plaintiff


Dated:_____          _____

 Stephen Tyson, Plaintiff


Dated:_____          _____

Gail Braley, Plaintiff


 Dated:_____          _____

David Lyall, Plaintiff


Dated: 7/3/2017 _____          _____

Linda Kemp, Plaintiff


Dated:_____          _____

Sylvester Tibbits, Plaintiff


Dated:_____          _____

Lucas Cranor, Plaintiff


Dated:_____          _____

Mary Crawford, Plaintiff


Dated:_____          _____

Irene Stageer, Plaintiff


Dated:_____          _____

Natasha Ford, Plaintiff

32

**IN WITNESS WHEREOF**, the Parties and their representatives have executed this Agreement as of the dates(s) indicated on the lines below.

Dated:_____        _____
                                  Tiffany Ellis, Plaintiff

Dated:_____        _____
                                  Stephen Tyson, Plaintiff

Dated:_____        _____
                                  Gail Braley, Plaintiff

Dated:_____        _____
                                  David Lyall, Plaintiff

Dated:_____        _____
                                  Linda Kemp, Plaintiff

Dated: 7/3/2017_____        *Sylvester Tibbits*_____
                                  DocuSigned by:
                                  930EA5B70A0240F...
                                  Sylvester Tibbits, Plaintiff

Dated:_____        _____
                                  Lucas Cranor, Plaintiff

Dated:_____        _____
                                  Mary Crawford, Plaintiff

Dated:_____        _____
                                  Irene Stageer, Plaintiff

Dated:_____        _____
                                  Natasha Ford, Plaintiff

**IN WITNESS WHEREOF**, the Parties and their representatives have executed this Agreement as of the dates(s) indicated on the lines below.

Dated:_____        _____
                                     Tiffany Ellis, Plaintiff

Dated:_____        _____
                                     Stephen Tyson, Plaintiff

Dated:_____        _____
                                     Gail Braley, Plaintiff

Dated:_____        _____
                                     David Lyall, Plaintiff

Dated:_____        _____
                                     Linda Kemp, Plaintiff

Dated:_____        _____
                                     Sylvester Tibbits, Plaintiff

Dated: 7/5/17 _____        _____
                                     Lucas Cranor, Plaintiff

Dated:_____        _____
                                     Mary Crawford, Plaintiff

Dated:_____        _____
                                     Irene Stageer, Plaintiff

Dated:_____        _____
                                     Natasha Ford, Plaintiff

32

**IN WITNESS WHEREOF**, the Parties and their representatives have executed this Agreement as of the dates(s) indicated on the lines below.

Dated:_____          _____
                                Tiffany Ellis, Plaintiff

Dated:_____          _____
                                 Stephen Tyson, Plaintiff

Dated:_____          _____
                                Gail Braley, Plaintiff

Dated:_____          _____
                                David Lyall, Plaintiff

Dated:_____          _____
                                Linda Kemp, Plaintiff

Dated:_____          _____
                                Sylvester Tibbits, Plaintiff

Dated:_____          _____
                                Lucas Cranor, Plaintiff

Dated: *7-7-2017*               *Mary Crawford*
                                Mary Crawford, Plaintiff

Dated:_____          _____
                                Irene Stageer, Plaintiff

Dated:_____          _____
                                Natasha Ford, Plaintiff

32

**IN WITNESS WHEREOF**, the Parties and their representatives have executed this Agreement as of the dates(s) indicated on the lines below.

Dated:_____        _____
                                     Tiffany Ellis, Plaintiff

Dated:_____        _____
                                     Stephen Tyson, Plaintiff

Dated:_____        _____
                                     Gail Braley, Plaintiff

Dated:_____        _____
                                     David Lyall, Plaintiff

Dated:_____        _____
                                     Linda Kemp, Plaintiff

Dated:_____        _____
                                     Sylvester Tibbits, Plaintiff

Dated:_____        _____
                                     Lucas Cranor, Plaintiff

Dated:_____        _____
                                     Mary Crawford, Plaintiff

Dated: _July 9, 2017_                _Irene L Stager_____
                                     Irene Stager, Plaintiff

Dated:_____        _____
                                     Natasha Ford, Plaintiff

32

**IN WITNESS WHEREOF**, the Parties and their representatives have executed this Agreement as of the dates(s) indicated on the lines below.

Dated:_____        _____
                                                                   Tiffany Ellis, Plaintiff

Dated:_____        _____
                                                                    Stephen Tyson, Plaintiff

Dated:_____        _____
                                                                   Gail Braley, Plaintiff

Dated:_____        _____
                                                                   David Lyall, Plaintiff

Dated:_____        _____
                                                                   Linda Kemp, Plaintiff

Dated:_____        _____
                                                                   Sylvester Tibbits, Plaintiff

Dated:_____        _____
                                                                   Lucas Cranor, Plaintiff

Dated:_____        _____
                                                                   Mary Crawford, Plaintiff

Dated:_____        _____
                                                                   Irene Stageer, Plaintiff

Dated:_7/5/17_____        _____
                                                                   Natasha Ford, Plaintiff

32

Dated: _7-5-17_                    _[signature]_____
                                   Garry Willit, Plaintiff


Dated: _____         _____
                                   E. Powell Milller for
                                   Miller Law Firm, P.C., Class Counsel


Dated: _____         _____
                                   Richard D. McCune for
                                   McCune Wright Arevalo LLP, Class
                                   Counsel


Dated: _____         _____
                                   L. Joseph Lines III, Attorney for
                                   General Motors LLC, Defendant

33

Dated:_____

_____
Garry Willit, Plaintiff

Dated: _07/12/2017_

*E. Powell Miller*

_____
E. Powell Milller for
Miller Law Firm, P.C., Class Counsel

Dated:_____

_____
Richard D. McCune for
McCune Wright Arevalo LLP, Class
Counsel

Dated:_____

_____
L. Joseph Lines III, Attorney for
General Motors LLC, Defendant

33

Dated:_____        _____
                                     Garry Willit, Plaintiff


Dated:_____        _____
                                     E. Powell Milller for
                                     Miller Law Firm, P.C., Class Counsel


Dated:___7|12|17_____          _____
                                     Richard D. McCune for
                                     McCune Wright Arevalo LLP, Class
                                     Counsel


Dated:_____        _____
                                     L. Joseph Lines III, Attorney for
                                     General Motors LLC, Defendant

Dated:_____        _____
                                      Garry Willit, Plaintiff


Dated:_____        _____
                                      E. Powell Milller for
                                      Miller Law Firm, P.C., Class Counsel


Dated:_____        _____
                                      Richard D. McCune for
                                      McCune Wright Arevalo LLP, Class
                                      Counsel

Dated:____C/38/17_____        _____
                                      L. Joseph Lines III, Attorney for
                                      General Motors LLC, Defendant


33