# Exhibit A

United States District Court for the Eastern District of Michigan
Tiffany Ellis, et al. v. General Motors LLC
Case No. 2:16-cv-11747-GCS-APP

*A court has authorized this notice. This is not a solicitation from a lawyer.*

**You may be a member of a class that the Court is being asked certify in the above-entitled class action (the "Action"). The class includes certain persons who purchased or leased new model year 2016 Chevrolet Traverse, Buick Enclave or GMC Acadia vehicles in the United States with incorrect EPA-estimated fuel economy ratings ("Class Vehicles").**

This notice is to advise you of the proposed class certification and request for court approval of a settlement of the Action and of the court hearing on the proposed class certification and settlement. This notice contains important information regarding the Action, the proposed settlement, the final hearing to approve the settlement, and your rights.

**PLEASE READ THIS NOTICE CAREFULLY. IT MAY AFFECT YOUR RIGHTS**

Plaintiffs in the Action allege that defendant General Motors LLC ("GM") violated state consumer protection laws by overstating the EPA-estimated fuel economy ("mpg") ratings and their EPA-estimated 5-year fuel cost that federal law required to be displayed on Class Vehicle "window stickers." GM has admitted that these estimates were overstated by 1-2 mpg depending on the model of Class Vehicle involved due to an inadvertent computer error. It previously notified customers about the error and offered owners and lessees of Class Vehicles a Compensation Program. The Class proposed to be certified in the Action includes all persons who purchased or leased new Class Vehicles and who *did not* elect to participate in the Compensation Program and who have not otherwise released their claims against GM arising out of the error in computing the EPA estimates.

The settlement will provide Class Members with either a cash payment or a voucher towards the purchase of a new automobile. These settlement benefits are set forth in greater detail on Pages 4-5 of this Notice. In consideration for the benefits provided to Class Members under the Settlement, the Action will be dismissed with prejudice and GM will receive releases from all members of the Class who do not exclude themselves from the Class and thereby "opt out" of participating in the Settlement.

The Court has not decided whether GM did anything wrong. Except for the inadvertent computer error, GM disputes Plaintiffs' allegations in the Action. However, to avoid the further costs and delay of litigation, GM has agreed to provide the relief described in this notice.

The following describes your legal rights in relation to the Settlement:

1

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:** | |
|---|---|
| **REMAIN IN THE CLASS AND RECEIVE THE BENEFITS OF THE SETTLEMENT** | **Stay in the Action and choose either Option 1 or 2.   You will receive the benefits of the proposed Settlement if it is approved.**<br><br>Option 1:   You can remain in the Class and receive a check payable in cash for an amount as explained at Pages 4-5 of this notice.  If you choose this option, DO NOTHING. If the Settlement is approved, *the check will automatically be mailed to you* after the Effective Date.<br><br>- **or –**<br><br>Option 2:   You can remain in the Class and choose to receive a voucher towards the purchase of a new automobile as described at Pages 4-5 of this notice.  You will need to complete Section A of the ENCLOSED CLAIM FORM and return it to the address indicated on the Claim Form, indicating your choice to receive the voucher.  If the Settlement is approved, *the voucher will be mailed to you* after the Effective Date. In either case, in exchange for the benefit you receive, you will give up any rights to sue GM concerning the incorrect EPA fuel economy and fuel cost estimates and the legal claims asserted in the Action. |
| **ASK TO BE EXCLUDED** | If you wish to be excluded from the Action, receive no benefits from the Settlement, and retain your legal rights, MAIL A REQUEST FOR EXCLUSION, also known as an Opt-Out, to the Settlement Administrator by _____, 2017.<br><br>Any class member who submits a timely request for exclusion may request a one-hour telephonic mediation with GM before a Mediator to determine if the excluded Class Member's claim can be settled.  A Class Member who excludes themselves from the Settlement class and chooses to participate in this mediation may receive the same, more, or less than Options 1 or 2 or even nothing at all.<br><br>If you ask to be excluded, you will not share in any benefits of the Settlement. But you will keep any rights you have to sue GM separately concerning the incorrect EPA estimates and the legal claims asserted in the Action |
| **OBJECT** | If you wish to object to the terms of the proposed Settlement, you must (1) stay in the Action, and (2) file your objection papers by _____,   You must comply with the instructions in Question 13 below to object.<br><br>You are also free to attend the hearing on _____, 2017 where the Court will consider your objection.  You are free to hire an attorney at your own expense to represent you at the hearing. You or your attorney cannot speak at the hearing unless you comply with Question 13. |

2

## BASIC INFORMATION

**1. Why did I get this notice?**

You received this notice because you may be included in the Class described above.

**2. What is the action about?**

This lawsuit is about Plaintiffs' claim that GM improperly affixed "window stickers" to new Class Vehicles that included incorrect EPA-estimated fuel economy ("mpg") ratings and estimated 5-year fuel costs. GM contends that the incorrect window stickers resulted from an inadvertent computer error and denies that it violated the law.

**3. What is a class action lawsuit and who is involved?**

In a class action lawsuit, one or more persons called "plaintiffs" or "class representatives" sue on behalf of other people who may have a similar claim. These people together are a "class" or "class members." The entity sued (in this case GM) is called the defendant. In a class action, the claim of the Plaintiffs and all Class Members are decided in one action. The Court resolves the claim for everyone in the Class—except for those people who choose to exclude themselves from the Class.

## WHO IS IN THE CLASS?

If you received this Notice, you are likely a member of the Class.

**4. Am I part of this Class?**

You are a member of the Class if within the United States you purchased or leased a retail new 2016 Chevrolet Traverse, Buick Enclave or GMC Acadia vehicle that had affixed to it a window sticker that incorrectly stated the EPA-estimated fuel economy by 1 to 2 mpg depending on the model and the EPA-estimated 5-year fuel cost.

**5. I'm still not sure if I am included.**

If you are still not sure whether you are a member of the certified Class, you can call or write to the lawyers representing the Class at the phone numbers or addresses provided below.

## THE SETTLEMENT BENEFITS – WHAT YOU CAN GET

**6. What does the Settlement provide?**

If you are a class member, you may choose one and only one of the following benefits:

3

**Option 1**

You can choose to receive a check payable in cash with the following compensation based on the vehicle that you own or lease:

|  | FWD | AWD Traverse/Acadia | AWD Enclave |
|---|---|---|---|
| Incorrect estimated combined mpg | 19 | 19 | 18 |
| Corrected estimated combined mpg | 18 | 17 | 17 |
| Incorrect estimated fuel cost | $ 2,750 | $ 2,750 | $ 3,500 |
| Corrected estimated fuel cost | $ 3,500 | $ 4,250 | $ 4,250 |
| Compensation | $ 750 | $ 1,500 | $ 750 |

If you have a leased vehicle, the amount you will receive is calculated pro data based on the length of your vehicle lease.

If you decide to elect option 1, the specific amount of the check payable in cash that you will receive, provided the proposed settlement is finally approved, is _____ for vehicle identification number _____.

**Option 2**

Or you can choose to receive a voucher in the amount of $2,000 credit on the purchase of any new GM vehicle from an authorized dealer within three years of the Effective Date of the Settlement (after it is approved by the Court) A Class Member electing to receive the voucher, or a member of the Class Member's Immediate Family (spouse or children), may use the voucher as a $2,000 credit on the purchase price negotiated with the GM dealer, in addition to any rebates or other incentives otherwise applicable to that vehicle purchase on the date of purchase. The vouchers are otherwise non-transferable. Any attempt to sell or otherwise transfer the voucher to any third party other than the Class Member's Immediate Family shall render such voucher immediately void.

### HOW YOU GET SETTLEMENT BENEFITS—SUBMITTING A CLAIM FORM

**7. How do I submit a Claim Form?**

If you are a Class Member and you do nothing, and if the Court approves the settlement, you will be mailed the benefit described in Option 1 after the Effective Date. You do not have to do anything to receive this benefit.

If you want to Choose Option 2 – the voucher –you must complete the enclosed Claim Form and return it to the following address so that it is received no later than the close of business on _____.

4

You cannot submit claim forms on behalf of other Class Members.

You should read the Claim Form instructions carefully.

If you wish to submit a claim form, complete your form and then submit it by U.S. mail to the addresses listed below:

> **By U.S. Mail**: Ellis v. General Motors LLC
> C/O Analytics
> P.O. Box 2003
> Chanhassen, MN 55317-2003

### 8. When should I submit my Claim Form?

If you do not wish to receive the check described in paragraph 6 and want to elect a voucher, you must timely submit a fully and accurately completed Claim Form. Read the instructions carefully and submit the Claim Form during the Claim Period. Claim Forms must be received no later than [DATE].

If you do not submit a properly completed Claim Form by the deadline, you are waiving your rights to get a voucher.

If you want to receive the check described in Option 1, you do not have to submit a claim form.

### 9. When will I receive my benefit?

In general, the checks or vouchers will be mailed after the Court approves the Settlement and any appeals have been resolved.  It is always uncertain whether these appeals can be resolved, and resolving them can take up to a year or more. Please be patient.  Do not call the Court to find out when the benefit will be paid or vouchers forwarded.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 10. What happens if I ask to be excluded?

If you exclude yourself from the Class—which is sometimes called "opting-out" of the Class— you won't get any benefits from the Settlement of the Action.  If you exclude yourself, you will not be legally bound by the Court's judgments in the Action.  If you start your own lawsuit against GM after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims.

To exclude yourself from (or opt out of) the Settlement, you must send a written request (Request for Exclusion) by U.S. mail stating, "I wish to be excluded from the Settlement in *Ellis v General Motors, LLC,* Case No. 2:15-cv-11747."  Be sure to include your printed name, address, phone number, email address and the Vehicle Identification Number for your vehicle.

You must also sign the letter.  You must mail your Request for Exclusion so that it is received by _____, 2017 to:

> **By U.S. Mail**: Ellis v. General Motors LLC
> C/O Analytics
> P.O. Box 2003
> Chanhassen, MN 55317-2003

Any Class Member who submits a timely Request for Exclusion may (but is not required to) request a one-hour telephonic mediation with GM, before a Mediator to determine whether the excluded Class Member's claim can be settled.  By offering this option, GM is not promising or making any representation that any such Class Member's claim will be settled at the mediation, but only that GM will participate in the mediation with the Class Members who elect the mediation option. A Class Member who excludes himself/herself from the Settlement Class and chooses to participate in a one-hour telephonic mediation may receive the same, more, or less than the offered settlement benefit in Question 6 or even nothing at all.

For any such mediation, the Mediator will be Gene Esshaki, and GM will pay the cost of the Mediator.  Class Counsel will represent the excluded Class Member at no cost solely for the mediation.  If mediation is not successful, Class Counsel's representation ends and you will be free to retain your own counsel at your own expense.

To request to participate in the one-hour mediation, you must clearly indicate on the Request for Exclusion described above, "I request to participate in the telephonic mediation".   The same time limits that apply to the Request for Exclusion apply to the Request for Mediation.

You cannot ask to be excluded from the Settlement on the phone, by email or by submitting an email to any law firm's website.  If you choose to Opt Out (be excluded) from the Settlement, you must opt out for all claims that you have that are included in the Settlement.  If you ask to be excluded, you will not receive any settlement benefits and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) Defendant in the future about the legal issues in the case.

### 11. If I exclude myself, can I get anything from this Settlement?

No.  If you exclude yourself from the Settlement, you will not be able to make a claim to receive any benefits under the Settlement, and you cannot object to the proposed Settlement.  But, you will not lose any right you may have to sue Defendant about the legal issues in this case.

### 12. If I do not exclude myself, can I sue later?

No.  Unless you exclude yourself, you give up the right to sue Defendant for the issues resolved by this Settlement. If the Settlement is finally approved, you will be permanently enjoined and barred from initiating or continuing any lawsuit or other proceeding against Defendant about the issues in the lawsuit.  You also will have agreed not to sue Defendant over the claims you have released in the Settlement.

**OBJECTING TO THE SETTLEMENT**

### 13. How do I object to the settlement?

Only a Class Member who does not opt out can object to the Settlement. If you are a Class Member, you can object to the Settlement if you do not like all or some part of it. To object, send a letter explaining your objection to the proposed Settlement in *Ellis v General Motors, LLC,* Case No. 2:15-cv-11747 to the Court with a copy to Class and Defendant's Counsel at the addresses below. Your objection letter must include: (1) the objector's full name, current address, current telephone number, and e-mail address; (2) documentation, such as documents showing the Vehicle Identification Number for the Class Member's vehicle, sufficient to establish membership in the Class; (3) a written statement of all grounds for the objection, accompanied by any legal support for the objection; and (4) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (5) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (if any) along with documentation setting forth such representation; and (6) copies of any documents supporting the Objection.

If you wish to object to the Settlement, your objection must be filed with the Court (received by the Court), with copies sent to lawyers for both Plaintiffs (Class Counsel) and GM (Defendant's Counsel). by _____:

| CLASS COUNSEL | DEFENDANT'S COUNSEL | COURT |
|---|---|---|
| E. Powell Miller<br>The Miller Law Firm<br>Attn: GM MPG Settlement<br>950 West University Drive<br>Suite 300<br>Rochester, MI 48307 | Robert B. Ellis, P.C.<br>Kirkland & Ellis, LLP<br>300 North LaSalle<br>Chicago, IL 60654 | Clerk of the Court<br>United States District Court for the Eastern District of Michigan<br>Theodore Levin U. S. Courthouse, Room 564<br>Detroit, MI 48226 |

In the event that a Class Member objects through an attorney hired at his, her, or its own expense, the attorney will have to file a notice of appearance with the Court by the Objection Deadline [**Month Day, 2017**] and serve a copy of the notice and the objection containing the information detailed above on Class Counsel and Defendant's Counsel by the Objection Deadline.

7

## **THE LAWYERS REPRESENTING YOU**

### 14. Do I have a lawyer in this case?

Yes.  These lawyers are referred to as Class Counsel or Plaintiffs' Counsel:

| | |
|---|---|
| E. Powell Miller | Richard D. McCune |
| Sharon S. Almonrode | Joseph G. Sauder |
| The Miller Law Firm, P.C. | McCune Wright Arevalo, LLP |
| Suite 300 | Suite 100 |
| 950 West University Drive | 3281 East Guasti Road |
| Rochester, MI 48307 | Ontario, California 91761 |
| Tel:  1-800-871-2075 | Tel:  909-557-1250 |
| Email:  GMMPG@miller.law | jgs@mccunewright.com |

You will not be charged for these lawyers.  If you want to be represented by another lawyer, you may hire one at your own expense.

### 15. Should I get my own lawyer?

You do not need to hire your own lawyer because the Class Counsel are working on your behalf.  But, if you want your own lawyer, you will have to pay that lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you.

### 16. How will the lawyers for Plaintiffs and the proposed Class be paid?

The lawyers who represent the Class will ask the Court for an award of attorneys' fees and reimbursement of their out-of-pocket expenses in an amount not to exceed $1,300,000.   Any legal fees awarded by the Court will be paid separately by the Defendant and these payments of legal fees and expenses will not reduce the value of the Settlement benefits made available to Class Members.

Class Counsel will also seek an award from the Court of up to $500 for each of the Plaintiffs for their services in representing the proposed class.   These service awards, if approved by the Court, will be paid separately by Defendant and will not reduce the value of the Settlement benefits made available to Class Members.

Defendant will also separately pay the costs to provide notice of and to administer the Settlement and for the Mediator retained to mediate for those Class Members who choose Option 3 of the settlement benefits.

Class Counsel will petition the Court to approve the payment to Class Counsel which GM has agreed not to oppose.  Class Counsel will file their request for an award of attorneys' fees and costs and the service awards to the named Plaintiffs, by _____ Class Members may

obtain any such submission to the Court by contacting Class Counsel.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend, and you may ask to speak, but you don't have to appear.

**17. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing at **[___ _.m.** ] on [**Month Day, 2017** (the "Final Approval Hearing Date"), at the United States District Court for the Eastern District of Michigan, the Theodore Levin U.S. Courthouse, Room 564, 231 West Lafayette Blvd, Detroit, MI 48226. At the Final Approval Hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. The Court will also consider Class Counsel's request for fees, costs and expenses.

If there are objections to the Settlement, the Court will consider them. After the Final Approval Hearing, the Court will decide whether to approve the Settlement and how much to award to Class Counsel as fees, costs, and expenses.

The Final Approval Hearing may be moved to a different date, time, or location without additional notice, so it is recommended that you check the Court's website regarding the hearing date.

**18. Do I have to come to the Final Approval Hearing?**

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to court to talk about it. As long as you filed a written objection with all of the required information on time with the Court and delivered it on time to Class Counsel and Defendant's Counsel, the Court will consider it. You may also have a lawyer attend the hearing on your behalf at your own expense, but it is not required. Class members do not need to appear at the hearing or take any other action to indicate their approval.

**19. May I speak at the Final Approval Hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter saying that you intend to appear and speak at the Final Approval Hearing in "*Ellis v General Motors, LLC,* Case No. 2:16-CV-11747." Be sure to include the case name case number, your printed name, address, email address, telephone number, and your signature. Your letter of intent to appear and speak must be received by the Clerk of the Court, Class Counsel and Defendant's Counsel, at the three addresses listed in Question13 no later than **[day, month 2017].** You cannot speak at the hearing if you exclude yourself.

## GETTING MORE INFORMATION

**20. How do I get more information?**

If you have any questions about this class action notice or this case, you should contact one of the Class Counsel identified above. There would be no cost or obligation to you.

**PLEASE DO NOT ADDRESS QUESTIONS ABOUT THE SETTLEMENT OF THE LITIGATION TO THE COURT OR TO THE JUDGE OR TO GM.**

DATED: _____, 2017.