# Exhibit C

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TIFFANY ELLIS, STEPHEN TYSON, GAIL BRALEY, DAVID LYALL, LINDA KEMP, SYLVESTER TIBBITS, LUCAS CRANOR, MARY CRAWFORD, IRENE STAGER, NATASHA FORD, and GARRY WILLET, on behalf of themselves and all others similarly situated, | Case No.: 2:16-cv-11747-CGS-APP<br><br>**CLASS ACTION**<br><br>Hon. George Caram Steeh |
| Plaintiffs, | Magistrate Judge Anthony P. Patti |
| v. | |
| General Motors, LLC, | |
| Defendant | |

**WHEREAS**, this Court has read and considered the Agreement of Compromise and Settlement ("Agreement") entered into by and among Defendant General Motors, LLC ("Defendant"), and Plaintiffs Tiffany Ellis, Stephen Tyson, Gail Braley, David Lyall, Linda Kemp, Sylvester Tibbits, Lucas Cranor, Mary Crawford, Irene Stager, Natasha Ford, and Garry Willet and (collectively, "Plaintiffs")" (collectively the "Parties" in the above referenced "Action"), together with all exhibits thereto, the record in this case, and the arguments of counsel;

1

**WHEREAS**, this Court preliminarily finds that the class alleged in the Action meets, for the purposes of settlement, all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure for class certification, including numerosity, commonality, typicality, predominance, superiority, and adequacy;

**IT IS HEREBY ORDERED AS FOLLOWS**:

1.  All terms and definitions used herein have the same meanings as set forth in the Agreement.

2.  The proposed Settlement set forth in the Agreement is hereby preliminarily approved as being fair, reasonable and adequate such that notice thereof should be given to members of the Settlement Class (as defined in the following paragraph).

Class Certification

3.  The Action is provisionally certified as a class action, for the purposes of settlement only, pursuant to Rule 23(b)(3), which class, set forth in Exhibit A to the Settlement Agreement, is defined as follows:

> ALL PERSONS WITHIN THE UNITED STATES WHO PURCHASED OR LEASED A RETAIL NEW MODEL YEAR 2016 CHEVROLET TRAVERSE, BUICK ENCLAVE OR GMC ACADIA WITH A "WINDOW STICKER" DISPLAYING INCORRECT EPA-ESTIMATED FUEL ECONOMY AND FIVE-YEAR FUEL COSTS FROM AN AUTHORIZED GM DEALER AND WHO HAVE *NOT* EXECUTED A RELEASE OF ANY AND ALL CLAIMS SET FORTH IN THE ACTION IN FAVOR OF GM IN

ACCORDANCE WITH THE 'COMPENSATION PROGRAM DESCRIBED BELOW AND WHO HAVE NOT OTHERWISE RELEASED THEIR CLAIMS AGAINST GM SET FORTH IN THE ACTION, AND WHO DO NOT SUBMIT TIMELY REQUESTS FOR EXCLUSION.

4. Class Representatives are hereby found to be and are therefore appointed as adequate representatives of the Settlement Class: Plaintiffs Tiffany Ellis, Stephen Tyson, Gail Braley, David Lyall, Linda Kemp, Sylvester Tibbits, Lucas Cranor, Mary Crawford, Irene Stager, Natasha Ford, and Garry Willet are appointed as representatives of the proposed Settlement Class. The Miller Law Firm, P.C. located at 950 West University Drive, Rochester, MI 48307 and McCune Wright Arevalo LLP, located at 555 Lancaster Avenue, Berwyn, PA 19312 are appointed as Class Counsel pursuant to Fed. R. Civ. P. 23(g) to represent the interests of the proposed Settlement Class.

5. The Court finds that, for purposes of settlement only, the requirements of Fed. R. Civ. P. 23 are met by the Settlement Class. Joinder of all Settlement Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion. Common issues exist among Settlement Class Members' claims regarding whether the Defendant is liable for the misstated EPA estimated mpg on the Class Vehicles. The Class Representatives claims are typical of those of the Settlement class, in that: (i) the interest of the Plaintiffs' claims are typical of those of the Settlement Class; (ii) there are no apparent

conflicts between or among the named Plaintiffs and the members of the Settlement Class; (iii) the Plaintiffs have been and are capable of continuing to be active participants both in the prosecution of, and the negotiations to settle, the Action; and (iv) the Plaintiffs and the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving defective products. In accordance with the Supreme Court's holding in *Amchem Prods v. Windsor*, 521 U.S. 591, 620 (1997), the Court need not address whether this case, if tried, would present issues of manageability under Rule 23(b)(3)(D). Finally, a class action settlement is superior to other available methods for a fair resolution of the controversy.

6. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the parties in the event that the Agreement is not finally approved by this Court or otherwise does not take effect. Certification of the Settlement Class shall be vacated and shall have no effect in the event that the Agreement is not finally approved by this Court or otherwise does not take effect.

Notice to Potential Settlement Class Members

7. The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Settlement Class as set forth in the Agreement. The Court finds that the proposed Notice Plan contemplated constitutes the best notice practicable under the circumstances and is reasonably

calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e). In addition, Class Notice clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Settlement Class; (iii) the claims and issues of the Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

8.  As set forth in the Agreement, expenses related to the administration of the Agreement, which include the costs and expenses incurred in providing notice to the Settlement Class, and attorneys' fees and expenses, shall not reduce Class Members recovery under the Agreement.

Retention of Class Action Settlement Administrator and Notice Plan

9.  The Court authorizes the Parties to retain Analytics, P.O. Box 2003 Chanhassen, MN 55317, to effectuate the Notice Plan and to serve as the Claims Administrator.

10. The Court approves, as to form and content, the Class Notice attached to the Settlement Agreement as Exhibit A, and finds that the mailing and distribution of the Notice as set forth in the Settlement Agreement meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

<u>Final Approval Hearing</u>

11. Class Counsel shall provide the names and addresses of excluded Class Members to the Court ten (10) days prior to the hearing on the Final Judgment and Order.

12. Class Counsel shall file with the Court and post on the Settlement Website their application for payment of attorneys' fees and expenses, and Plaintiff Service Awards ----- days prior to the Objection Deadline.

13. A hearing (the "Final Approval Hearing") shall be held by the Court on _____ ___, 2017 beginning at ___:___ __.M., to consider and determine whether the requirements for certification of the Settlement Class have been met and whether the proposed settlement of the Action on the terms set forth in the Agreement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; whether Class Counsel's fee and expense application and application for service awards, included as part of the

settlement, should be approved; and whether the Final Judgment approving the settlement and dismissing the Action on the merits and with prejudice against the Class Representatives and all Settlement Class Members should be entered. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class (except those who have filed timely and valid objections and requested to speak at the fairness hearing), be continued or adjourned by Order of the Court.

    14. No later than fourteen (14) days prior to the Final Approval Hearing, the Parties shall file all papers in support of the application for final approval of the settlement.

## Objections

    15. Any Settlement Class Member who complies with the requirements of this section may object to any aspect of the proposed settlement either on their own or through an attorney hired at his or her expense. Any Settlement Class Member who intends to object to the proposed settlement must do so no later than _____ \_\_\_, 2017 ("Objection Deadline").

    16. To state a valid Objection, a Settlement Class Member must include the following information in the Objection: (1) the objector's full name, current address, current telephone number and email address; (2) documentation, such as documents showing the Vehicle Identification Number for the Settlement Class

Member's vehicle, sufficient to establish membership in the Settlement Class; (3) a written statement of all grounds for the objection, accompanied by any legal support for the objection; (4) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (5) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representation (if any) along with documentation setting forth such representation; (6) copies of any documents supporting the Objection. The Settlement Class Member must personally sign the objection; an attorney's signature is not sufficient.

<u>Opt Outs</u>

17.   Any Class Member may make a request to be excluded from the Settlement Class, and from participation in the settlement consideration provided by this Agreement, by mailing or delivering such request in writing ("Request for Exclusion") to the Settlement Administrator which address will be set forth in the Class Notice. Any Request for Exclusion must be actually delivered not later than _____ ____, 2017 ("Request for Exclusion Deadline").  The Request for Exclusion shall (1) state the Class Member's printed full name,  current address and phone number and email address; (2) specifically state the Class Member's desire to be excluded from the Settlement Class; (3) provide the Vehicle Identification Number for the Class Member's vehicle; and (4) be signed

8

personally by the Class Member. Failure to comply with these requirements and to timely submit the Request for Exclusion will result in the Class Member being bound by the terms of this Agreement. Any Class Member who submits a timely Request for Exclusion may, should he or she choose, to request a one-hour telephonic mediation with GM, before a Mediator – Gene J. Esshaki – to determine whether the excluded Class Member's claim can be settled.

18. Except for those Settlement Class Members who have properly filed a timely written Opt-Out Request (and all other Excluded Persons), all persons who meet the definition of Settlement Class Member will be deemed Settlement Class Members for all purposes under the Agreement and this Order.

19. Any Settlement Class Member who has not properly filed a timely written Opt Out Form shall be bound by the Agreement, this Order and by all subsequent proceedings, orders, and judgments issued by the Court. Any Settlement Class Member who elects to opt out of the Settlement Class pursuant to the Agreement shall not be entitled to relief under or be affected by the Agreement.

20. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement.

21. The Names of all Settlement Class Members who properly requested exclusion shall be attached as an exhibit to any Final Order and Judgment.

<u>Injunction</u>

22. The Court enjoins all Settlement Class Members from commencing or prosecuting any action asserting any claims that are the subject of this Action pending the Final Approval Hearing, unless they have validly opted out of the settlement described in the Agreement and the Court has approved such opt outs.

<u>No Admission of Liability</u>

23. The Agreement and this Judgment are not admissions of liability or fault by Defendant or the Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Defendant or the Released Parties. The Agreement and settlement are not a concession by the Parties. To the extent permitted by law, neither this Judgment, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings to establish any liability of, or admission by Defendant, the Released Parties, or any of them. Notwithstanding the foregoing, nothing in this Final Judgment shall be interpreted to prohibit the use of this Judgment in a proceeding to consummate or enforce the Agreement or Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

<u>Deadlines</u>

24.    In Accordance with the Agreement and exhibits attached thereto, the Court sets the following deadlines:

a.    The Notice Plan shall be completed twenty-one (21) days after the entry of this Order ("Notice Date").

b.    All requests to opt out of the Settlement must be received by the Claims Administrator within _____ days of the Notice Date ("Opt Out Deadline").

c.    All objections to the Settlement must be received by the Claims Administrator within _____ days of the Notice Date ("Objection Deadline").

d.    Class Counsel shall file with the Court and post on the Settlement Website their application for payment of attorneys' fees and expenses, and Service Awards for the Class Representatives thirty (30) days prior to the Objection Deadline.

e.    The Parties shall file all papers in support of the application for final approval of the settlement and/or opposition to any Objections received fourteen (14) days prior to the Final Approval Hearing.

f.    A Final Approval Hearing is scheduled for _____ ___, 2017.

11

25. Within 10 days of the filing of the settlement and motion for preliminary approval of this Court, General Motors shall give appropriate notice pursuant to 28 U.S.C. §1715.

26. If any deadline set forth in this Order falls on a Saturday, Sunday or federal holiday, such deadline shall be extended to the next Court business day.

27. The Court reserves the right to adjust the date of the Final Approval Hearing and related deadlines. In that event, the revised hearing date and/or deadlines shall be posted on the Settlement Website referred to in the Notice, and the parties shall not be required to re-send or republish the Notice.

Date:

_____
Hon. George Caram Steeh
United States District Judge