# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TIFFANY ELLIS, STEPHEN TYSON, GAIL BRALEY, DAVID LYALL, LINDA KEMP, SYLVESTER TIBBITS, LUCAS CRANOR, MARY CRAWFORD, IRENE STAGER, NATASHA FORD, and GARRY WILLET, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) )  Case No.: 2:16-cv-11747-GCS-APP **CLASS ACTION** Hon. George Caram Steeh |
| Plaintiffs, | ) ) |
| v. | ) )  Magistrate Judge Anthony P. Patti |
| General Motors, LLC, | ) ) ) |
| Defendant | ) ) |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING CLASS, AWARDING ATTORNEYS' FEES AND SERVICE AWARDS, AND FINAL JUDGMENT

On the 6th day of November, a fairness hearing was held before this Court to determine: (a) whether the proposed Settlement should be granted final approval as fair, reasonable, and adequate; (b) whether the proposed Class should be certified for settlement purposes; (c) whether Class Counsel's application for attorneys' fees and expenses and service awards for the Plaintiffs should be granted; and (d) whether a final judgment granting approval of the Settlement and dismissing the Action with prejudice should be entered.

Having duly considered all papers filed and arguments presented, IT IS HEREBY ORDERED and ADJUDGED as follows:

1.     All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

2.     This Court has jurisdiction over the subject matter of this Action and over all Parties to the Action, including Settlement Class Members.

3.     The Court preliminarily approved the Settlement Agreement and entered the Preliminary Approval Order on July 19, 2017.

**Notice**

4.     Notice was published under the terms of the Preliminary Approval Order.

5.     The Court has determined that the Notice given to the Settlement Class, in accordance with the Notice Plan in the Settlement Agreement and the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law. The Court further finds that the Notice given to the Settlement Class was adequate and reasonable.

6.     The Settlement Class Members received notice of: (a) the pendency of the Action; (b) the terms of the proposed Settlement, including the Release; (c) their

rights under the proposed Settlement; (d) their right to exclude themselves from the Settlement Class and the proposed Settlement; (e) their right to object to any aspect of the proposed Settlement; (f) their right to appear at the Final Approval Hearing; (g) Class Counsel's request for attorneys' fees and expenses and an incentive award to the Class Representatives; and (h) the binding effect of this Final Judgment and Order Approving Settlement on all Persons who did not timely exclude themselves from the Settlement Class.

7.     The Court also finds that the appropriate state and federal officials were timely notified of the Settlement Agreement under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715, and that ninety (90) days have passed without comment or objection from any governmental entity.

**Approval of the Settlement**

8.     The Court grants final approval to the proposed Settlement.

9.     Factors supporting the grant of final approval to this Settlement include:

a.     The Settlement was the product of arm's-length negotiations conducted in good faith among experienced counsel, with no evidence of collusion. The Settlement was reached after extensive negotiations including a mediation session.

b.    If the case did not settle, continued litigation would be time consuming, complicated and expensive. Settlement at this stage avoids the expenditure of the Parties' and the Court's resources.

c.    The reaction of the Class has been extremely favorable. Only 2 Class members out of approximately 7,622 have opted out of the Settlement and there have been 0 objections.

d.    The Court finds that each side had sufficient information to assess the strengths and weaknesses of their claims and defenses.

e.    If the case had not settled, Plaintiffs faced considerable risks in maintaining certification of a litigation class and establishing damages. The Settlement guarantees a result for the Class and eliminates these risks.

f.    The amount of the Settlement is reasonable, adequate, and fair given the strengths and weaknesses of the case.

10.    The Court held a hearing on November 6, 2017, at which time the Parties and Settlement Class Members were afforded the opportunity to be heard in support of or in opposition to the Settlement.

11.     The terms and provisions of the Agreement have been entered in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

12.     Accordingly, the Court hereby directs that the Settlement shall be implemented in accordance with the terms of the Agreement.

13.     The terms of the Agreement, and of this Final Judgment and Order Approving Settlement, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiffs and all other Settlement Class Members who did not timely exclude themselves from the Settlement Class, as well as their heirs, executors, and administrators, successors, and assigns.

14.     Defendant is ordered to implement the terms and conditions of the Agreement, including payment to all Settlement Class Members who have not excluded themselves from this Settlement and who fulfill all terms in accordance with the Settlement.

**<u>Class Certification</u>**

15.     The Court finds, for purposes of effectuating this Settlement only, that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied in that:

a.   The number of Class Members is so numerous that joinder of all members thereof is impracticable.

b.   There are questions of law and fact common to the Class, including the meaning and importance of the alleged misrepresentations at issue to a reasonable consumer.

c.   The claims of the Named Plaintiffs are similarly situated to absent Class Members, and their claims are typical of the claims of the Class they represent because they have alleged that they purchased the Class Vehicles that contained the alleged misrepresentations at issue.

d.   The Named Plaintiffs have fairly and adequately represented the interests of the Class and have no interests in conflict with the Class.

e.   The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class.

f.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy; and

g.      The Class is ascertainable because the membership can be

determined with reference to objective criteria, i.e., whether

a Class member bought a Class Vehicle.

16.    The Court grants final certification for purposes of settlement to the

proposed Settlement Class, defined as:

> ALL PERSONS WITHIN THE UNITED STATES WHO
> PURCHASED OR LEASED A RETAIL NEW MODEL
> YEAR 2016 CHEVROLET TRAVERSE, BUICK
> ENCLAVE OR GMC ACADIA WITH A "WINDOW
> STICKER" DISPLAYING INCORRECT EPA-
> ESTIMATED FUEL ECONOMY AND FIVE-YEAR
> FUEL COSTS FROM AN AUTHORIZED GM DEALER
> AND WHO HAVE *NOT* EXECUTED A RELEASE OF
> ANY AND ALL CLAIMS SET FORTH IN THE
> ACTION IN FAVOR OF GM IN ACCORDANCE WITH
> THE 'COMPENSATION PROGRAM DESCRIBED
> BELOW AND WHO HAVE NOT OTHERWISE
> RELEASED THEIR CLAIMS AGAINST GM SET
> FORTH IN THE ACTION, AND WHO DO NOT
> SUBMIT TIMELY REQUESTS FOR EXCLUSION.

17.    Ms. Donna Allison of London, Ohio, has made a timely and valid

request for exclusion. She is excluded from the Settlement Class and is not bound

by this Order.

18.    Mr. Angelo L. Taylor Sr. and Ms. Sherron H. Taylor of Norfolk,

Virginia, have made a timely and valid request for exclusion. They are excluded

from the Settlement Class and are not bound by this Order.

19.    There are no other Class Members who made timely and valid requests

for exclusion.

20.     Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such Persons who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, are Settlement Class Members bound by this Judgment and the Release set forth in the Class Action Settlement Agreement.

21.     The affirms the appointment of Plaintiffs Tiffany Ellis, Stephen Tyson, Gail Braley, David Lyall, Linda Kemp, Sylvester Tibbits, Lucas Cranor, Mary Crawford, Irene Stager, Natasha Ford, and Gary Willet as Class Representatives, and finds that they have adequately represented the Settlement Class for purposes of entering into and implementing the Agreement.

22.     The Court affirms the appointment of The Miller Law Firm, P.C. and McCune Wright Arevalo, LLP as counsel for the Settlement Class ("Class Counsel").

23.     The Court finds that Plaintiffs' counsel from these firms are competent and capable of exercising their responsibilities as Class Counsel, and finds that Class Counsel has adequately represented the Settlement Class for purposes of entering into and implementing the Agreement.

**Attorneys' Fees**

24.     The Court has considered the submissions by the Parties and all other

relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class.

25.     The Court notes that the Settlement Agreement and the notice to the Class provides that counsel may seek an amount not to exceed $1,300,000.00 as attorneys' fees, costs, and service awards to the Plaintiffs, and that this amount was negotiated with Defendant only after the Parties reached agreement on the other substantive terms of the settlement. Further, in a post-arbitration dispute regarding payment of mediator and notice and administration fees, Class Counsel agreed to reduce their fee by $15,000.00 and Defendant agreed to assume the costs of payment of the mediator and notice and administration fees.

26.     Class Counsel moved for an award of $1,285,000.00 in attorneys' fees, costs, and expenses pursuant to Section V(A) of the Settlement Agreement and incentive awards of $500 to each Class Representative pursuant to Section V(C) of the Settlement Agreement on September 1, 2017.

27.     After carefully considering Class Counsel's application, the Court awards Class Counsel the full amount of $1,285,000.00 in attorneys' fees, costs, and expenses and incentive awards of $500 to each Class Representative.

28.     Factors supporting the grant of fees include:

        a.     The time and labor expended by Class Counsel on behalf of the Class;

    b.     The complexity and risks of the litigation;

    c.     The monetary results achieved in this Settlement;

    d.     The quality of the representation;

    e.     The contingent nature of the fee;

    f.     The reasonableness of the request fee under both the percentage method and the lodestar cross check; and

    g.     The value of the litigation to the public.

29. The Court has reviewed and considered each firm's declaration in support of the Motion for fees and finds:

    a. The amount of hours expended by Class Counsel was reasonable in light of the litigation.

    b. The hourly rate requested for each counsel was reasonable and the Court approves these rates.

30. Defendant shall pay the awards to Class Counsel in accordance with and at the times prescribed by the Settlement Agreement.

**<u>Expenses</u>**

31. Plaintiffs' counsel stated that Class Counsel expended $16,203.01 during the pendency of this litigation. The Court finds the expenses incurred by Class Counsel were advanced with no guarantee of recovery and were reasonably required to prosecute the case.

32.     The Court grants Class Counsel's request for reimbursement of expenses. This reimbursement is included in the fee award.

**Service Awards**

33.     The Court finds the Plaintiffs served as adequate Class Representatives and performed work on behalf of the absent Class members.

34.     The Court grants Plaintiffs' request for service awards in the amount of $500 for each Plaintiff. This amount shall also be paid from the total fee award finally approved by the Court.

**Final Judgment**

35.     Finding that no reason exists for delay in ordering final judgment the clerk is hereby directed to enter this Final Judgment forthwith.

36.     This Action (and any and all claims asserted herein at any time) is dismissed in its entirety, on the merits, with prejudice and without leave to amend, with each Party to bear his/her/its own costs and attorneys' fees (except as otherwise expressly provided herein), and all Settlement Class Members who did not timely and properly execute and submit a Request for Exclusion are deemed to have completely released and forever discharged the Released Persons, and each of them, from and for any and all liabilities, claims, cross-claims causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, whether known

or unknown, existing or potential, suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including and known or unknown claims, which they have or may claim now or in the future to have based on or relating to the claims, facts, or circumstances in this Action and/or the Released Claims except claims relating to the enforcement of the Settlement of the Action. The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

37.    The Settlement Class Members shall be enjoined from prosecuting any claim they have released in the Settlement Agreement and as set forth in the preceding paragraphs in any proceeding against of the Released Persons or based on any actions taken by any of the Released Persons that are authorized or required by the Settlement Agreement or by the Final Judgment. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to the releases set forth in the Settlement Agreement and this Final Judgment.

38.    This Final Judgment shall not be: (1) construed as an admission or concession by Defendant of the truth of any of the allegations in this Action, or of any liability, fault or wrongdoing of any kind; or (2) construed as an admission or concession by the Settlement Class as to any lack of merit of the claims or the Action.

39.    The Settlement Agreement shall not constitute, and will not under any

circumstances be deemed to constitute, an admission of wrongdoing or liability by any Party, such wrongdoing and liability being expressly denied and no final adjudication having been made. The Parties have entered into the Settlement Agreement solely as a compromise of all claims for the purpose of concluding the disputes between them, and the Settlement Agreement may not be used by any third party against any Party. Pursuant to Federal Rule of Evidence 408, the entering into and carrying out of the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed evidence of, an admission or concession by any of the Parties or a waiver of any applicable statute of limitations, and shall not be offered or received into evidence in any action or proceeding against any Party in any court, administrative agency or other tribunal for any purpose whatsoever.

40.    Notwithstanding the foregoing, nothing in this Final Judgment shall be interpreted to prohibit the use of this Final Judgment in a proceeding to consummate or enforce the Settlement Agreement or Final Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

41.    At any time after entry of this Final Judgment, the Settlement Agreement may, with approval of the Court, be modified by written agreement of Defendant's Counsel and Class Counsel in their discretion without giving any

additional notice to the Settlement Class, provided that such modifications do not limit the rights of the Settlement Class Members under the Settlement Agreement.

42.     Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

43.     This Final Judgment shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

44.     The Court expressly retains continuing and exclusive jurisdiction over all matters relating to the adjudication of claims and the provision of benefits as provided by the Preliminary Approval Order and by this Order and Final Judgment, as well as all other matters relating to the administration and consummation of the Settlement and to interpret, implement, administer, and enforce the Settlement Agreement, in accordance with its terms, and to implement and complete the claims administration process, in accordance with the Settlement Agreement, for the benefit of the Settlement Class. The Court does this for the purpose of satisfying the requirements of *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), concerning the obligation of a Court entering a settlement agreement to speak clearly when it wishes to retain jurisdiction.

**SO ORDERED**

Date:  November 6, 2017        <u>s/George Caram Steeh</u>
                                      Hon. George Caram Steeh
                                      United States District Judge